431 So.2d 1068 (1983)
OLD RIVER TERMINAL CO-OP
v.
DAVCO CORPORATION OF TENNESSEE, et al.
No. 82 CA 0461.
Court of Appeal of Louisiana, First Circuit.
March 17, 1983.
Rehearing Denied May 25, 1983.
*1069 Eugene R. Groves, Taylor, Porter, Brooks & Phillips, Baton Rouge, Nelson M. Lee, Bunkie, C. Jerome D'Aquila, New Roads, for Old River Terminal Co-op, plaintiff-appellee.
Michael D. Hunt and Boris F. Navratil, Brezeale, Sachse & Wilson, Lawrence R. Anderson, Jr., and William H. Patrick, III, Anderson, Anderson, Steffes, Hawsey, Patrick & Stakelum, Baton Rouge, Jim Raines, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, Tenn., for Davco Corp. of Tenn., Industry Gen. Corp. of Tenn. and Fireman's Fund Ins. Co., defendants-appellants.
N.J. Gorsha, Sr., Alexandria, for Gorsha Testing Laboratory, Inc., defendant.
Ray C. Dawson and Daniel J. Dziuba, Franklin, Moore & Walsh, Baton Rouge, for Lee Turzillo Contracting Co. and Gen. Acc. Fire & Life Assur. Corp. Ltd., defendants.
Louis L. Hargis, Dallas, Tex., for American Soils, Ltd. and Louis L. Hargis, individually, defendants.
Vincent P. Fornias, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for Northbrook Excess & Surplus Ins. Co., third-party defendant.
J. Reginald Keogh and John E. Cox, Keogh, Keogh, Cox & Wilson, Ltd., Baton Rouge, for Continental Cas. Ins. Co., third-party defendant.
Edward J. Rice and F. Lee Butler, Adams & Reese, New Orleans, for Lexington Ins. Co., third-party defendant.
John S. White, Jr., Kennon, White & Odom, Baton Rouge, for Maryland Cas. Co., third-party defendant.
Donald T.W. Phelps, Seale, Smith & Phelps, Baton Rouge, for Royal Globe Ins. Co., third-party defendant.
Edward P. Lobman, Lobman & Carnahan, Metairie, for U.S. Fire Ins. Co., third-party defendant.
Horace C. Lane, Lane & Clesi, Baton Rouge, for Mission Ins. Co., third-party defendant.
William Faller, Bell, Faller & West, Baton Rouge, for Reliance Ins. Co., third-party defendant.
*1070 William P. Golden, Jr., Carville & Edrington, LaPlace, for The Home Ins. Co., third-party defendant.
Before COVINGTON, LOTTINGER and CRAIN, JJ.
CRAIN, Judge.
This appeal is from a judgment of the trial court granting motions for summary judgment filed by nine insurance companies against the third party demands asserted by defendants, Davco Corporation of Tennessee and Industry General Corporation of Tennessee.
On January 9, 1976, Old River Terminal Co-op, (Old River), entered into a contract with Davco Corporation of Tennessee (Davco), in which Davco agreed to construct a truck receiving, grain storage and barge loading facility. Industry General Corporation of Tennessee (Industry General), a design engineering company working in conjunction with Davco, agreed to perform the engineering design work. A performance bond in the amount of $2,004,822.00 was executed on May 20, 1976 with Davco as principal and Fireman's Fund Insurance as surety. Old River registered its acceptance of the work as substantially complete on March 15, 1977. Some time thereafter, defects in the facility began to appear which eventually caused considerable damage. Old River then filed suit against Davco, Industry General and various subcontractors alleging breach of contract by the defendants.
An amended petition was filed which alleged certain acts that sound in tort, but all acts relate to the plans, specifications, design, and construction of the structure and the pilings on which it was erected. Davco and Industry General filed third party demands against nine companies which had issued comprehensive liability or excess liability policies to Davco and Industry General at various periods during the construction of the facility and thereafter. These companies are Mission Insurance Co., Lexington Insurance Co., Northbrook Excess & Surplus Ins. Co., Home Ins. Co., United States Fire Ins. Co., Reliance Ins. Co., Royal Globe Ins. Co., Maryland Casualty Co., and Continental Casualty Ins. Co. Each of these companies filed a motion for summary judgment based upon a "work product" exclusion contained in each policy or included in each by reference.[1] The trial court found that,
"All of the policies considered include or incorporate by reference a `work product exclusion'. The exclusion unambiguously relieves the companies of liability for damage to the work product and the costs of repair or replacement of the work product...."
Davco alone appeals the judgment of the trial court granting the motions for summary judgment. Appellant claims that the work exclusion is intended only to exclude coverage for losses to products of the insured where the loss is directly attributable to the product's own inherent defects. According to the appellant, its construction job was not defective based on a subsurface survey prepared for Old River in April of 1975 by Gorsha Testing Laboratory and Louis Hargis, a soils engineer. That subsurface survey was later discovered to be erroneous and Davco contends that it was their reliance on the survey in constructing the facility, not the workmanship itself, which caused the otherwise properly constructed silos to sink and crack.
The damages incurred by Old River, the original plaintiff in this case, are cracked silos and damages incidental thereto. Whether the silos cracked because of bad cement, faulty design, or, as argued by appellant, erroneous soil testing, the suit is still for damages for defective construction. The construction may be defective because of incorrect data furnished by the original *1071 plaintiff, but, it is just as defective if it cracked because placed on an insufficient foundation as it is if it cracked because the cement is bad. The determination of fault is not the question. The question is what is defective, and the defective objects here are the cracked silos, for whatever reason. Consequently, this case is governed by the rule enunciated in Vobill Homes, Inc. v. Hartford Accident and Indemnity Co., 179 So.2d 496 (La.App. 3rd Cir.1965) writ refused 248 La. 698, 181 So.2d 398 (1966), which held that,
"... a liability policy with an exclusion clause such as the present does not insure any obligation of the policyholder to repair or replace his own defective work or defective product." 179 So.2d at 497. (emphasis added)
Again, in Breaux v. St. Paul Fire & Marine Ins. Co., 345 So.2d 204 (La.App. 3rd Cir. 1977) the court stated that,
"... a liability insurer who includes a `work product' exclusion in its policy is not liable for damages to the work product (in many cases a building or structure of some sort) of the insured due to negligent, faulty, or defective construction and workmanship. In other words, the courts recognize that liability policies are not performance bonds." 345 So.2d at 208. (emphasis added)
The trial court correctly held the policies at issue do not afford coverage.
In addition, the appellants argue that even if the exclusions apply to plaintiff's claim for the cost of repairing the silos, the existence of other consequential damage claims, such as fees of consulting engineers and transportation expenses for the re-location of the soybeans, are not excluded and therefore, prohibit summary judgment. Breaux, supra, held otherwise.
In Breaux, there were two items of damages which were stipulated not to be covered by the "work product" exclusion. These were future furniture loss due to flooding and poor drainage, and damages for loss of reputation and renting desirability of the structure. The court did not list all the damages covered by the exclusion, but pointed out that they related to drainage and flooding problems with the disputed structure, an apartment complex. Illustrative of the type damage claimed was $9,479.59 for engineering fees to study the problem.
Damages claimed here are similar to those claimed in Breaux. Consequently, we follow Breaux in holding along with the trial judge that the damages claimed here fall within the work product exclusion of the liability policies issued by the various companies made third party defendants.
It is argued that the position of the ninth insurance company involved here, Northbrook Excess and Surplus Insurance Company (NESCO) is different from the others so that its "work product" exclusion should not apply. NESCO was the excess liability insurer of Lee Turzillo Contracting Company, which was Davco's subcontractor that performed the work of driving the test piles and foundation pilings. It is argued that the "work product" exclusion in the NESCO policy would apply only to defects in the pilings. We do not agree. The pilings are an essential part of the total structure. Defects in the pilings, or the workmanship connected with driving the pilings, could manifest themselves in the structure placed on the pilings rather than just the pilings. If we followed appellant's argument with reference to NESCO, each part of a subcontractor's job on a particular structure would have to be handled separately from the total structure rendering the "work products" exclusion inapplicable except to that subcontractor's particular work. That is not what the exclusion says or intends.
The decision of the trial judge maintaining the motions for summary judgment of the nine liability insurers is accordingly affirmed. Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] An example of the exclusion is contained in exclusion (e) of the Mission Ins. Co. policy which reads as follows: "This policy shall not apply: (e) to property damage to work performed by or on behalf of the Named Assured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; ..."

All of the remaining insurance policies contain an exclusion similar in wording to this one.