Sidney SMITH

v.

HOOD ENTERPRISES, INC.

Civ. A. No. 86–752–B.

United States District Court, M.D. Louisiana.

Aug. 15, 1988.

Keith D. Jones, Amy E. Counce, Jones & Counce, Baton Rouge, La., for plaintiff.

James E. Kuhn, Fayard, Morrison & Kuhn, Denham Springs, La., Keith S. Giardina, Baton Rouge, La., for defendant.

## RULING ON LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Sidney Smith has filed this suit seeking a rescission of a sale of logs which he used to construct his home. Named as defendants herein are Hood Enterprises, Inc. ("Hood") and Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Plaintiff contends that the logs which were manufactured and prepared by Hood were infested with wood boring insects. In addition to seeking a rescission of the sale, plaintiff seeks a return of the purchase price and attorney's fees.

Liberty Mutual has filed a motion for summary judgment. It contends that the comprehensive general liability policy it issued to Hood does not provide coverage for the claim asserted by the plaintiff. More specifically, Liberty Mutual contends there is no coverage provided under the policy because:

(1) No coverage exists under the "Completed Operations Hazard" and "Products Hazard" clauses of the policy issued to defendant Hood;

(2) The "work product" exclusion excludes coverage for property damages suffered by Sidney H. Smith;

(3) Damages of $500,000.00 sought by plaintiff are not recoverable under Louisiana law; and

(4) Coverage is not provided for overcharged or overpaid sales taxes.

Plaintiff concedes in his memorandum that coverage is not provided under the Liberty Mutual policy for overcharged or overpaid sales taxes. Thus, this claim will be dismissed without opposition.

The pertinent provisions of the policy which are applicable to the pending motion for summary judgment provide:

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed pro-

vided such loss of use is caused by an occurrence during the policy period:

Exclusions (n) and (o) found in the insurance policies read as follows:

This insurance does not apply:

\* \* \* \* \* \*

(n) to property damage to the named insured's products arising out of such products or any part of such products;

(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

■ The logs in question were purchased during the period the policy was effective. However, there is a dispute as to the time of the "occurrence" as that term is defined in the policy. Thus, the court will assume, without deciding, for purpose of the pending motion that the policy provided "products hazard" coverage. Liberty Mutual contends that even if there is products hazard coverage, the "work product" exclusion clause precludes coverage for the repair or replacement of the insured's (Hood's) own defective product or work. The court concludes that the "work product" exclusion clause found in paragraph (n) of the exclusions section of the policy does not provide coverage for damage to logs manufactured and sold by Hood, its named insured, to the plaintiff. The court's conclusion is supported by the Louisiana jurisprudence which must be applied in this diversity action. In *Aetna Ins. Co. v. Grady White Boats, Inc.*, 432 So.2d 1082 (La.App. 3 Cir. 1983) the court interpreted the language in a comprehensive general liability policy with language identical to that found in the Liberty Mutual policy.[1] The court found no coverage stating:

Our jurisprudence is settled to the effect that liability policies containing exclusions similar to those reproduced above provide no coverage to the insured for repair or replacement of his own de-

---

1. The policy in the Grady White Boats, Inc. case contained both "completed operations hazard" and "products hazard" clauses.

fective work or defective product. See *Vobill Homes, Inc. v. Hartford Accident & Indemnity Company,* 179 So.2d 496 (La.App. 3 Cir.1965), writ denied [248 La. 698], 181 So.2d 398 (La.1966); *Vitenas v. Centanni,* 381 So.2d 531 (La.App. 4 Cir. 1980); *Peltier v. Seabird Industries, Inc.,* 304 So.2d 695 (La.App. 3 Cir.1974), writ denied, 309 So.2d 343 (La.1975); *Breaux v. St. Paul Fire & Marine Insurance Co.,* 345 So.2d 204 (La.App. 3 Cir.1977); *Superior Steel, Inc. v. Bituminous Casualty Corporation,* 415 So. 2d 354 (La.App. 1 Cir.1982).

432 So.2d at 1085.

█ Smith contends that the "products hazard" clause conflicts with the "work product" exclusion thereby creating an ambiguity which must be construed in favor of the policyholder. This argument was considered and rejected by the court in *Grady White Boats, Inc.* After noting significant differences in the exclusionary language and "products hazard" definition, the court stated:

[T]he products hazard definition ... includes bodily injury and property damage *arising out* of the named insured's products. Not *to* the products, but arising out of them.

*Id.* at 1086 (emphasis added).

It is also clear that the work product exclusion excludes coverage for damages incidentally incurred during the repair or replacement of an insured's defective work or product. *Old River Terminal Co-op v. Davco Corp.,* 431 So.2d 1068 (La.App. 1 Cir.1983).

The final issue the court must determine is whether Liberty Mutual owes an obligation to defend Hood in this case. Liberty Mutual contends that it does not have an obligation to defend Hood because of the exclusionary clause in its policy. The court agrees. The Louisiana Supreme Court set forth an insurer's obligation to defend in *American Home Assurance Co. v. Czarniecki,* 255 La. 251, 230 So.2d 253 (1969) wherein the court stated:

Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits

brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.... Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured.

230 So.2d at 259.

█ Applying the above standard to the facts of this case, assuming the facts of the complaint to be true, and finding there is no coverage under its policy, the court finds Liberty Mutual had no duty to defend Hood in this case.

Because the court has found Liberty Mutual does not have coverage under the "work product" exclusion, it is not necessary to address the remaining issues raised by Liberty Mutual in its motion for summary judgment.

Therefore:

IT IS ORDERED that the motion of Liberty Mutual Fire Insurance Company for summary judgment be and it is hereby GRANTED.