535 So.2d 779 (1988)
James Ira ALLEN, Jr. and Mary Ellen York Allen, Plaintiffs/Appellees,
v.
LAWTON AND MOORE BUILDERS, INC., et al., Defendants/Appellants.
No. 19724-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
*780 Weems, Abney, Wright & Feldman by Joseph R. Gilsoul, Shreveport, for plaintiffs-appellees.
Eatman & Eatman by Robert E. Eatman, Shreveport, for Lawton & Moore Builders, Inc.
Rogers & White by Graham W. Rogers, Bossier City, for J.R. Moore Inc. & Johnny R. Moore.
Tucker, Jeter, Jackson, McMichael & Hickman by James C. McMichael, Jr., Shreveport, for Nat. Homes Corp.
Charles W. Strickland, Shreveport, for McDaniel-Sewell Engineers and Contractors, Inc.
Mayer, Smith & Roberts by David F. Butterfield, Shreveport, for Foundation Services, Inc. & Wausau Underwriters Ins. Co.
Edward Kernaghan, Shreveport, for Ohio Cas. Ins. Co.
Before HALL, C.J., and SEXTON and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiffs James Ira Allen, Jr. and Mary Ellen York Allen sued Lawton & Moore Builders, Inc., the company that sold them a house and lot, alleging redhibitory defects and seeking rescission of the sale or reduction of the purchase price, and damages. J.R. Moore, Inc., the contractor who built the house for the seller, and J.R. Moore, individually, along with other parties involved in the construction of the house, were later added as defendants.
Defendants J.R. Moore, Inc. and J.R. Moore filed a third party demand against their liability insurer, Ohio Casualty Insurance Company, seeking recovery under the policy of any amounts for which they may be found liable to the plaintiffs. Defendant Lawton & Moore Builders, Inc. also filed a third party demand against the insurance company. Other third party demands and cross claims were filed by other parties.
Ohio Casualty filed a motion for summary judgment, denying coverage because of a work products exclusion contained in the policy, cancellation of the policy prior to occurrence of the alleged damages, and because Lawton & Moore, Inc. was not a named insured under the policy. The motion for summary judgment was sustained and the third party demands dismissed. Third party plaintiffs appealed. Finding that coverage was excluded under the work products exclusion, we affirm the judgment of the district court.
The pleadings and other documents reveal that Lawton & Moore Builders, Inc. contracted with J.R. Moore, Inc. to construct a house on a lot owned by Lawton & Moore, Inc. Lawton & Moore Builders, Inc. sold the house to plaintiffs in June 1982. Plaintiffs' petition alleges that prior to the sale they noticed a foundation problem which the seller attempted to correct. About a year later they noticed problems with the brick which the seller remedied by replacing the brick. In June 1985 the house flooded during a rain storm and thereafter flooded on several occasions. Within the year prior to filing suit in January 1986 numerous other structural and cosmetic defects in the house became apparent. Plaintiffs alleged that the flooding and the structural defects were the results of lack of supervision during construction, failure to exercise ordinary skill and workmanship and quality control during construction, and failure to assure that the foundation of the house was adequate and that the fill beneath the house was of a stable nature. Damages claimed were the purchase price of $59,000.00, interest on the purchase price, loss of appreciation, engineering fees, loss of enjoyment of the house, pain and suffering, reasonable attorneys fees, and expert witness fees, totalling $134,416.40.
*781 During the construction of the house there was in effect a policy of comprehensive general liability insurance issued by Ohio Casualty to J.R. Moore, Inc. and J.R. Moore. The policy was cancelled in February 1982, prior to the sale of the house by Lawton & Moore Builders Inc. to the plaintiffs. The policy obligated the insurer to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence arising out of operations necessary or incidental to the business of the named insured. The policy contained completed operations hazard coverage, but also contained a work product exclusion as follows:
"This insurance does not apply: ...
(n) to property damage to the named insured's products arising out of such products or any part of such products;
(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;"
"Property damage" is defined in the policy as "(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."
In support of the motion for summary judgment Ohio Casualty contended, and the trial court held, that there was no coverage because of the work products exclusion and also because the property damage did not occur during the policy period, and that the seller, Lawton & Moore Builders Inc., was not an insured under the policy. On appeal third party plaintiffs contend that the work products exclusion does not apply because damages other than to the work product are claimed, the damage was caused and sustained during construction and during the policy period, and that Lawton & Moore Builders, Inc. has a direct action against its contractor's liability insurer.
We hold that coverage is excluded under the work products exclusion and summary judgment was correctly granted dismissing the claims against Ohio Casualty.
Plaintiffs' claims against the defendants for which insurance coverage is asserted are for defects in the construction of the house and lot constructed by the defendant-insured, J.R. Moore, Inc. The house and lot are the contractor's work or work product. Plaintiffs do not allege that any damage was caused to any other property. The exclusion clearly excludes coverage for property damage to the named insured's products, the house and lot, and for property damage to work performed by the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith, the work in this case being the construction of the house and lot. The damages claimed and relief sought by plaintiffs are all consequences of the alleged defective workmanship and defects in the work performed by the insured, for which the policy provides no coverage.
A case involving facts analogous to the present case is Vobill Homes, Inc. v. Hartford Accident & Indemnity Company, 179 So.2d 496 (La.App. 3d Cir.1965), writ denied 248 La. 698, 181 So.2d 398 (1966). There a contractor was sued for the cost of repairing defects in a home which it had constructed for the plaintiff. The defects were alleged to have resulted from faulty construction on the part of the contractor. The contractor brought a third party demand against the company which insured it under a manufacturer's and contractor's liability policy. The policy contained an exclusion similar to exclusions (n) and (o) in the instant case. The court held that the exclusion precluded coverage for any injury to the work product itself, the house, by reason of its own defectiveness.
In Old River Terminal Co-op v. Davco Corp., 431 So.2d 1068 (La.App. 1st Cir. 1983) suit was brought against a contractor for defects in a grain storage facility. The liability insurers of the contractor moved for summary judgment asserting a damage to work performed exclusion similar to exclusion (o) in the instant case. The court held that the exclusion was applicable not *782 only to damage to the work product itself but also to consequential damage claims arising out of such injury. These consequential damages included such items as fees of consulting engineers and transportation expenses for relocation of soy beans.
Similarly, the house defects and the consequential damages for which recovery is sought by the Allens fall squarely within the risk specifically excluded from coverage by the exclusions (n) and (o) in the Ohio Casualty policy. These exclusions plainly indicate that the policy is not intended as a guarantee of the quality of the insured's products or work. The Louisiana jurisprudence has consistently recognized that liability policies are not performance bonds. Breaux v. St. Paul Fire & Marine Ins. Co., 345 So.2d 204 (La.App. 3d Cir.1977); Magill v. Owen Construction Company, Inc., 434 So.2d 520 (La.App. 2d Cir.1983). Consequently, we hold that the Ohio Casualty policy does not provide coverage for damages suffered by the Allens as a result of defects in the house and lot which were caused by negligent, faulty or defective construction or workmanship.
Because we find there was no coverage under the work product exclusion of the policy, it is unnecessary to discuss the other contentions of the parties.
For the reasons assigned, the judgment of the district court is affirmed at appellants' costs.
AFFIRMED.