610 So.2d 888 (1992)
George T. SWARTS and Donna Daughdrill Armstrong Swarts
v.
WOODLAWN, INC. and Mr. Malcolm Caillier.
No. CA 91 1614.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*889 Jon Adcock, Baton Rouge, for plaintiffs-appellees George and Donna Swarts.
Wade Rankin, New Orleans, for defendant-appellee Sec. Ins. Co. of Hartford.
Arthur Cooper, Baton Rouge, for defendant-appellant Malcolm Caillier Builder, Inc.
Holt B. Harrision, Baton Rouge, for defendant-appellee Woodlawn, Inc.
John W. Perry, Jr., Baton Rouge, for defendant-appellee Assur. Co. of America.
John Keogh, Baton Rouge, for defendant-appellee Evans Graves Engineers, Inc.
Kenneth Benson, Jr., Baton Rouge, for defendant-appellee Barber Bros. Contracting Co., Inc.
John Thibaut, Baton Rouge.
Before LOTTINGER, C.J., FOIL, J., and COVINGTON[*], J. Pro Tem.
FOIL, Judge.
This appeal challenges the action of the trial court in granting a liability insurer's motion for summary judgment upon finding the insurance policy at issue did not provide coverage. We affirm.
The record reflects that George and Donna Swarts purchased a newly constructed residence from Woodlawn Inc., a developer, in April of 1984. The home was constructed by Malcolm Caillier Builder, Inc. They filed this redhibition suit against Woodlawn, Malcolm Caillier Builder, Inc., and Malcolm Caillier (Caillier), claiming that the house was structurally defective. Plaintiffs also sued several insurers, including Security Insurance Company of Hartford (Security), which issued a general comprehensive liability insurance policy to Caillier.
Plaintiffs' petition alleges that following the purchase of the residence, they discovered various defects, including: separation of the sheetrock; cracks in the sheetrock; separation of the porch from the slab; cracks in the cement; and defects in the doors. They hired an engineering expert who found that the slab was cracking and that the residence had been built on unstable subsoil, which resulted in severe structural damage to the home. They alleged that Woodlawn and Caillier entered into a joint venture in selling the home to them, and claimed that the defendants were negligent in not performing proper tests to determine the stability of the soil. Plaintiffs demanded a rescission of the sale, including the return of the purchase price, all costs associated with the sale, costs for improvements and preservation of the home, engineering and attorney's fees, and damages for loss of privacy, inconvenience and aggravation.[1]
Security filed a motion for summary judgment on the basis that its policy did not provide coverage on the plaintiffs' claim which arose out of the alleged defective construction. The trial court agreed and granted the motion, thereby dismissing Security from the lawsuit. Caillier appealed the decision to this court; however, the record did not contain the insurance policy at issue and this court remanded the matter to the trial court for completion of the record. Swarts v. Woodlawn, Inc., 571 So.2d 912 (La.App. 1st Cir.1990). The record *890 is now complete, and we shall address the propriety of the trial court's action in granting the motion for summary judgment.
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Louisiana National Bank v. Slaughter, 563 So.2d 445, 447 (La.App. 1st Cir.1990). The burden is on the mover to show that no genuine issue of material fact exists, and it is only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law that summary judgment is warranted. Id. at 447. In determining whether material issues of fact have been disposed of, any doubt is to be resolved in favor of trial on the merits. If the moving party establishes that there is no genuine issue of material fact, it is incumbent on the opponent to set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967; Louisiana National Bank v. Slaughter, 563 So.2d at 448.
In support of its motion for summary judgment, Security attached the policy of insurance issued to Malcolm Caillier Builder, Inc. The policy is a general comprehensive liability policy. Security contends that there has been no "occurrence" for which the policy provides coverage, and even if there was, coverage on the plaintiffs' claim is excluded under the "work product" exclusionary clause in the policy.
The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage either expected or intended from the standpoint of the insured." Where the liability of a contractor is based solely on improper construction, courts have refused to find an "occurrence" in insurance policies containing identical or substantially similar definitions of an occurrence. See Fredeman Shipyard Inc. v. Weldon Miller Contractors, Inc., 497 So.2d 370, 374 (La.App. 3d Cir.1986). In Bacon v. Diamond Motors, Inc., 424 So.2d 1155 (La.App. 1st Cir.1982), writ denied, 429 So.2d 131 (La.1983), this court held that faulty repair work did not fall within a liability policy's definition of an "accident," where the definition of that term was virtually identical to the term "occurrence" in the present policy. See also Vitenas v. Centanni, 381 So.2d 531 (La.App. 4th Cir.1980) (holding that a policy which defined "occurrence" similarly to the definition in the present policy did not provide coverage for a claim against a contractor for alleged faulty workmanship in constructing a building). Plaintiffs are asserting a claim based on faulty construction against Security's insured; thus, under the jurisprudence, there has been no "occurrence" to trigger coverage under the policy.
Further, the plaintiffs' redhibition claim is clearly excluded under the language of the policy. The policy contains the following exclusionary clauses:
This insurance does not apply:
(n) to property damage to the named insured's products arising out of such products or any part of such products;
(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.
These provisions are generally referred to as a "work product exclusion". See Allen v. Lawton and Moore Builders, Inc., 535 So.2d 779, 781 (La.App. 2d Cir. 1988). They unambiguously exclude coverage for damage to the work product itself, as in this case, the home constructed by Malcolm Caillier Builder, Inc. It has been consistently held that a liability policy with a work product exclusionary clause, such as the one set forth above, does not provide coverage to the insured for repair or replacement of his own defective work or defective product. Parker v. Dubus Engine Company, 563 So.2d 355, 360 (La. App. 3d Cir.1990); Allen v. Lawton and Moore Builders, Inc., 535 So.2d at 781-782; *891 (La.App. 2d Cir.1988); Fredeman Shipyard, Inc. v. Weldon Miller Contractors, 497 So.2d at 375; Old River Terminal Co-Op v. Davco Corporation of Tennessee, 431 So.2d 1068 (La.App. 1st Cir.1983); Bacon v. Diamond Motors, Inc., 424 So.2d at 1157; Breaux v. St. Paul Fire and Marine Insurance Company, 345 So.2d 204 (La. App. 3d Cir.1977); Vobill Homes, Inc. v. Hartford Accident and Indemnity Company, 179 So.2d 496 (La.App. 3d Cir.1965), writ denied, 248 La. 698, 181 So.2d 398 (La.1966). The work product exclusion plainly indicates that the policy is not intended as a guarantee of the quality of the insured's product or work; the jurisprudence establishes that general liability policies are not performance bonds. See Allen v. Lawton and Moore Builders, Inc., 535 So.2d at 782.
Caillier asserts that the work product exclusion is not applicable to this case because the alleged defect in the home arises out of the faulty subsurface soil, which is not Caillier's product and which Caillier had nothing to do with, as another contractor was hired for site preparation. Caillier insists that the claimed defect is not the result of defective workmanship on behalf of Caillier, and argues that in order for the work product exclusion to apply, the damage must be the result of a defect in the contractor's work.[2]
However, in Old River Terminal Co-op v. Davco Corporation, 431 So.2d at 1071, this court rejected a similar argument. In that case, a contractor built a silo facility; after construction, defects began to appear indicating severe structural damage. The owners sued the contractor and engineer. The contractor sought coverage under its comprehensive general liability and excess liability policies, which all contained work product exclusions. The contractor argued that the work product exclusion did not apply because the damage resulted from an erroneous subsurface survey prepared by a soils engineer, and that it was their reliance on the defective survey, not the workmanship itself, which caused the structural damage. This court held that the work product exclusion precluded coverage, noting that whether the structural damage resulted because of bad cement, faulty design or erroneous soil testing, the suit was one for damages for defective construction. In this case, plaintiffs suit against Caillier is for damages for defective construction. We reject Caillier's attempt to distinguish the present case, and find Old River Terminal to be dispositive of the question.
Caillier also argues that the work product exclusion does not bar recovery for some of the damages sought by plaintiff, which are not to the work product itself, such as damages for loss of privacy, inconvenience, aggravation, engineering fees, attorney's fees and closing costs. However, in Old River Terminal Co-op v. Davco Corporation, 431 So.2d at 1071, this court recognized that consequential damages, such as the fees of consulting engineers and relocation costs fell within the work product exclusion. Similarly, we conclude that all damages sought by plaintiffs in this case, which directly result from the alleged defective workmanship, fall under the work product exclusion.
Based on the foregoing, we hold that as a matter of law, the Security policy does not provide coverage to Caillier on the plaintiffs' claim. Accordingly, we affirm the judgment of the trial court dismissing Security from the action. All costs are assessed to appellant, Malcolm Caillier Builder, Inc.
AFFIRMED.
NOTES
[*] Judge Grover L. Covington, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Since the filing of the suit, plaintiffs have settled with Woodlawn, Inc., Malcolm Caillier and Malcolm Caillier Builder, Inc.
[2] Caillier relies on Gardner v. Lakvold, 521 So.2d 818 (La.App. 2d Cir.1988), in support of this argument. That case, however, allowed recovery for damage to property that was not the work product. See Parker v. Dubus Engine Company, 563 So.2d 355, 360 (La.App. 3d Cir. 1990) (in which the court discussed the distinction between the cases which have found the work product exclusion to bar coverage and those which have found it inapplicable).