United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30233
_____

ROY ANDERSON CORP.,

Plaintiff-Appellee,

versus

WESTPORT INSURANCE CORP.,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 5:02-CV-719)
_____

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

We reverse and render judgment for Westport Insurance Corp. (Westport) for the

following reasons:

1.  The parties have stipulated to the relevant facts, and both parties rely on

Louisiana law, as did the district court.  If the district court and the parties assume that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

the law of the forum state applies in a diversity case, and the parties do not argue otherwise on appeal, we likewise apply the law of the forum state.  See Clemtex, Inc. v. Southeastern Fidelity Ins. Co., 807 F.2d 1271, 1274 (5th Cir. 1987); N.K. Parrish, Inc. v. Southwest Beef Indus. Corp., 638 F.2d 1366, 1370 n.3 (5th Cir. 1981).

2.  Louisiana law governing this insurance dispute is well established.  General rules of contract interpretation apply to insurance policies.  When the language of an insurance policy is clear, it must be enforced as written.  The ordinary meaning of the text governs in the absence of an absurd result, and each provision is read in light of the others.  Ambiguities are construed against the insurer and in favor of coverage.  See Peterson v. Schimek, 729 So.2d 1024, 1028-29 (La. 1999); Reynolds v. Select Props., Ltd., 634 So.2d 1180, 1183 (La. 1994); Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So.2d 759, 763-64 (La. 1994).  Therefore, if an exclusionary clause is susceptible to more than one reasonable interpretation, we adopt the interpretation that provides coverage.  Talley v. Blue Cross Blue Shield of La., 760 So.2d 1193, 1195 (La. App. 2000).

3.  The rework claim was covered by a primary policy, namely the Zurich policy, which had a contractor rework endorsement.  Because of the underlying primary coverage, the rework claim made to Westport was a claim for excess liability coverage (as opposed to umbrella liability coverage) under the Westport excess and umbrella liability policy.  Westport did not issue a strict "following form" excess policy.  Instead, the policy provides, under section I(A) of the "Insuring Agreements" part of the policy,

excess insurance applicable "to damages covered by the primary insurance . . . except as it relates to . . . any term, condition, exclusion or limitation included in this policy." (Emphasis added). The policy therefore imposed a requirement that the claim must not only be covered by the primary policy, but it must not fall within any express exclusion or limitation on excess liability coverage provided in the Westport policy.

4. Each party has argued on appeal, in briefing or at oral argument, that the rework costs incurred by appellee Roy Anderson Corp. due to defective subcontractor performance are not "property damage" under the Westport policy. Regardless, the rework claim either is or is not a property damage claim under that policy, and we can find no excess coverage under either characterization of the claim.

5. If the claim is not a property damage claim, the Westport policy does not cover it, because section I(A) of the Insuring Agreements part expressly limits coverage, regardless of the underlying policy, to "those sums in excess of primary insurance, that the insured becomes obligated to pay as damages for liability imposed on the insured . . . provided . . . [t]hey are caused by an occurrence . . . ." An "occurrence" is defined in section J of the Definitions part as "[a]n accident . . . which results during the policy period in personal injury or property damage . . . ." (Emphasis added). If the rework claim is not a property damage claim, it does not fall under the definition of an occurrence and is not covered by the policy.

6. If, on the other hand, the rework claim can be characterized as a property damage claim, the contractor's limitation endorsement in the Westport policy expressly

3

excludes coverage for "[p]roperty damage to that portion of any property being installed, erected, or worked upon by the insured, his agents or subcontractors." Such a work product exclusionary clause eliminates coverage for property damage caused by defective work performed by the insured or, as in this case, an agent or subcontractor of the insured. See Todd Shipyards Corp. v. Turbine Serv., Inc., 674 F.2d 401, 420 (5th Cir. 1982); Swarts v. Woodlawn, Inc., 610 So.2d 888, 890 (La. Ct. App. 1992).

7. Thus, even if the policy is ambiguous as to whether the rework claim is a property damage claim, we can find no construction of the policy that would provide coverage for the rework claim in issue. We accordingly reverse the judgment of the district court and hereby render a take nothing judgment in favor of Westport.

REVERSED and RENDERED.