PER CURIAM.
The defendant, Dennis R. Leonard, was charged by bill of information with aggravated burglary, armed robbery, and attempted first degree murder. The defendant was also charged with committing the crimes while armed with a firearm in violation of LSA-R.S. 14:95.2. Pursuant to a plea bargain agreement, the defendant pled guilty to aggravated burglary while armed with a firearm and aggravated battery while armed with a firearm. Concurrent sentences of ten years at hard labor for aggravated battery and twenty years at hard labor for aggravated burglary were imposed. A two year enhancement sentence was imposed upon application of LSA-R.S. 14:95.2 to the aggravated battery charge and a five year enhancement sentence was imposed upon application of LSA-R.S. 14:95.2 to the aggravated burglary charge. Defendant appeals the sentences as excessive. We affirm the convictions and all the sentences are affirmed with the exception of the five year firearm enhancement on the aggravated burglary conviction which we reverse and remand for resentencing in accordance with instructions.
The record reflects that the defendant and his brother entered the residence of Mr. Seaborn DeLee without his authorization. Mr. DeLee discovered the defendant and his accomplice while the burglary was in progress. Although the events causing Mr. DeLee’s injuries are in dispute, the trial judge concluded that the defendant inflicted stab wounds upon Mr. DeLee after arming himself with the victim’s knife and shotgun.
The defendant was arrested in connection with the events and subsequently pled guilty to aggravated burglary while armed with a firearm and aggravated battery while armed with a firearm. The armed robbery charge and two charges of simple escape (which occurred while the defendant was incarcerated for the present offense) were dismissed.
At the sentencing hearing, the trial judge imposed upon the defendant ten years at hard labor for aggravated battery. The trial judge enhanced the penalty on the aggravated battery charge pursuant to LSA-R.S. 14:95.2, imposing an additional consecutive sentence of two years at hard labor without benefit of parole, probation, or suspension of sentence. Twenty years at hard labor were imposed for the aggravated burglary charge. This penalty was enhanced as a second and subsequent conviction pursuant to LSA-R.S. 14:95.2, resulting in an additional consecutive sentence of five years at hard labor without benefit of parole, probation, or suspension of sentence.
Appellant raises the following issues on appeal:
(1) Is the penalty imposed for the aggravated burglary charge excessive punishment?
(2) Did the trial judge err in sentencing the defendant to the maximum penalty for aggravated battery?
(3) Did the trial judge err in construing defendant’s plea of guilty to count two of the bill of information as a “second and subsequent offense” requiring a five *697 year enhancement penalty under LSA-R.S. 14:95.2?
La. Const. Art. 1, § 20 prohibits the imposition of excessive sentences. LSA-C.Cr.P. art. 894.1 sets forth factors justifying the sentence of imprisonment. The record must reflect that the trial judge considered the criteria of LSA-C.Cr.P. art. 894.1 in imposing sentence. While the trial judge need not articulate every aggravating or mitigating circumstance, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (La.1983); State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ den., 438 So.2d 1112 (La.1983); State v. Smith, 433 So.2d 688 (La.1983). A sentence is constitutionally excessive where it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ den., 435 So.2d 433 (La.1983).
From the record it is apparent that the trial judge complied with the provisions of LSA-C.Cr.P. art. 894.1. At the sentencing hearing, the trial judge noted the defendant was the instigator of the offense and played a principal part in the physical injuries to the victim. The trial judge further observed that the defendant had twice escaped while in custody for the present offense, indicating a lack of remorse. The trial judge also considered the outcome of the defendant’s actions, in that the victim spent two weeks in the hospital and would have physical and emotional scars for the rest of his life. In mitigation, the trial judge noted the defendant’s status as a youthful first offender. Positive factors in favor of the defendant were a high school diploma and three years college attendance. Despite these mitigating factors, the trial judge concluded a lesser sentence would deprecate the seriousness of the crimes. We conclude the trial judge conducted a careful particularization of the sentences to the defendant in compliance with LSA-C.Cr.P. art. 894.1.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of abuse of discretion by the sentencing judge. State v. Hammonds, supra. The maximum sentence for aggravated burglary is thirty years. The defendant received a twenty year sentence well below the maximum sentence. In light of the seriousness of the offense we conclude that the trial court did not abuse its discretion in the imposition of sentence for aggravated burglary.
The defendant argues the trial judge erred in sentencing the defendant to the maximum sentence on the aggravated battery charge. Maximum sentences are appropriate only in cases involving the most serious violation of the relevant statute and the worst type of offender. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
The record provides factual grounds more than adequate to support the imposition of the ten year sentence for aggravated battery. By the defendant’s own admission he took Mr. DeLee’s shotgun and knife from him during the struggle which ensued upon Mr. DeLee’s return. The victim was stabbed, hands and feet bound, and mouth taped when the defendant left the residence. The telephone was pulled from the wall to ensure the victim could not summon help. The offense was a crime of violence. We find no error in the imposition of the maximum sentence of ten years on this defendant.
The third issue raised by the defendant is res nova. As previously noted, the trial judge enhanced by five years the penalty imposed for defendant’s plea of guilty to aggravated burglary with a fire *698 arm pursuant to LSA-R.S. 14:95.2.[1] The record reflects the trial judge apparently considered defendant’s plea of guilty to count two of the bill of information to be a “second and subsequent offense” within the meaning of the statute.
We find no cases directly on point. Guidance in the resolution of this issue is obtained from our supreme court’s interpretation of the habitual offender enhancement statute, LSA-R.S. 15:529.1. Convictions on more than one count entered on the same date should be treated as one conviction for applying the habitual offender statute. State v. Skerer, 411 So.2d 1050 (La.1982).[2] The offender is deemed to be a second offender only if the crime resulting in the second conviction is committed after his first conviction. State v. Wimberly, 414 So.2d 666 (La.1982).
Applying this rationale to the firearm enhancement statute, the defendant here cannot be sentenced for enhancement purposes as a second offender. Pleas of guilty to both counts were entered on the same date. If treated similarly to those repeat offenders under the habitual offender statute, the defendant’s convictions on both counts should be considered as defendant’s first conviction for enhancement purposes under LSA-R.S. 14:95.2.
The legislature has not expressed an interpretation to the contrary. The legislature clearly stated its intent to deviate from the rule in the enactment of our DWI statute which now provides that “on a second conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be” given enhanced punishment. LSA-R.S. 14:98.[3] No such legislative directive is contained in the firearm enhancement statute.
We conclude the trial judge erred in imposing the five year enhancement penalty upon the defendant. All the sentences are affirmed with the exception of the five year firearm enhancement sentence on the aggravated burglary conviction which five year sentence we now reverse and remand for resentencing for a term of two years as a first offender pursuant to LSA-R.S. 14:95.2(A).

.LSA-R.S. 14:95.2(A)
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.

. This decision has been criticized in a concurring opinion by Justice Lemmon in State v. Lennon, 427 So.2d 860 (La.1983).

. See State v. Franklin, 501 So.2d 881 (La.App. 5th Cir.1987) for an excellent review of the legislative history and Louisiana Supreme Court interpretation of the habitual offender statute, LSA-R.S. 15:529.1.