KLEES, Judge.
Ivy Wall, Sandra Wall and Ben Perry Miller, plaintiffs-appellants, filed suit against Brown & Root, Inc., Derrick Hammers, Inc., Plaquemines Parish, the Louisiana Department of Transportation and Development, and the insurers of these parties on account of personal injuries plaintiffs allegedly suffered when their vehicle was rear-ended by a vehicle driven by an employee of Derrick Hammers Inc.. Derrick Hammers Inc. moved for and was granted a summary judgment on the ground that the employee, Ronald Morgan, was not acting within the course and scope of his employment at the time of the accident. Plaintiffs appeal from that judgment. For the reasons set forth below, we affirm.
Plaintiffs were injured on May 8, 1985 when Ronald Morgan struck the rear of their vehicle. The plaintiffs contend that the trial judge erred in granting defendant’s motion for summary judgment because there is a genuine issue of material fact as to whether or not Ronald Morgan was in the course and scope of his employment with Derrick Hammers Inc. when the accident occurred.
On the night preceding the accident, Ronald Morgan had slept in a trailer at 2810 Engineer’s Road, Belle Chase, Louisiana, which served as the office for Derrick Hammers Inc.. Mr. Morgan frequently slept in this trailer because it was more convenient than crossing the Greater New Orleans Mississippi bridge to the westbank every morning so that he could be at work for 7:00 a.m.
After awakening at 6:00 a.m. on May 8, 1985, Ronald Morgan got into his personal car and drove down the road approximately four miles to purchase a cup of coffee and two rolls of toilet tissue. As he was returning to the defendant’s trailer at approximately 6:30 a.m., he rear-ended the vehicle driven by the plaintiff, Ivy Wall, as he was turning into the parking lot of Brown & Root, Inc. The plaintiffs' injuries resulted from this accident.
La.C.C.P. art. 966 requires a mover for summary judgment to show (1) that there is no genuine issue of material fact; and (2) that the mover is entitled to judgment as a matter of law. The mover may make this showing through pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, submitted with the motion.
In supporting its motion for summary judgment, the defendant filed affidavits by both Ronald Morgan and Ralph Cloy, vice-president and general manager of Derrick Hammers Inc.. These affidavits established that Ronald Morgan was not on any errand for his employer at the time of the accident, but rather was on his own personal business. Rather than oppose the motion with countervailing affidavits, the plaintiffs relied on language from the deposition of Ronald Morgan and Ralph Cloy to argue that Mr. Morgan was in the course and scope of his employment at the time of the accident.
Derrick Hammers Inc. can only be liable under the theory of respondeat superior— that is, if Mr. Morgan’s negligence can be imputed to Derrick Hammers because Ronald Morgan was in the course and scope of his employment. See LSA-C.C. Art. 2320.
The general rule is that an employee going to and from work is not considered to be acting within the course and scope of his employment so as to render his employer liable to third persons for the employee’s negligent act. Wills v. Cor- *488 rege, 148 So.2d 822 (La.App. 4th Cir.1963), writ refused, 244 La. 147, 150 So.2d 768 (1963). However, the specific question that must be determined is whether the employee’s conduct “was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct by purely personal considerations entirely extraneous to the employer’s interest.” Daniels v. Conn, 382 So.2d 945 (La.1980). Among the factors to be considered in determining an employer’s responsibility for the tort of an employee are: “... the time, place and purpose of the act in relation to service of the employer, the relationship between the employee’s act and the employer’s business ... and the reasonable expectation of the employer that the employee would perform the act.” Michaleski v. Western Preferred Casualty Co., 472 So.2d 18, 21 (La.1985) (citing Reed v. Home of Decor, Inc., 468 So.2d 1159 (La. 1985).
The undisputed facts in this case clearly support the trial court’s holding that Ronald Morgan was not acting within the course and scope of his employment when he rear-ended the plaintiff’s vehicle. First, Ronald Morgan was driving his own personal vehicle at the time of the accident. Second, the accident occurred at approximately 6:30 a.m. and his workday begins at 7:00 a.m. Third, Ronald Morgan’s activities at the time of the accident were purely personal in that he purchased a cup of coffee for his own consumption and two rolls of toilet tissue for his own use. These factors taken together indicate that Mr. Morgan's excursion was strictly for personal purposes, and there is no evidence to indicate otherwise.
The plaintiffs assert that Ronald Morgan was performing a mission accruing to the benefit of Derrick Hammers Inc. and was thus acting within the course and scope of his employment because the toilet tissue he purchased was to be used by himself and the other employees. However, this assertion is without merit since Mr. Cloy stated in his deposition that he engaged a service to deliver toilet tissue and various other supplies to the office. Ronald Morgan stated in his deposition that he went to get the toilet tissue for his own personal use and purchased it with his own funds. He further stated that he did not even check to see if there was toilet tissue present on the premises before setting out to purchase some. Under the circumstances, the fact that other employees may have later used the tissue purchased by Mr. Morgan does not in itself convert his trip to the store into a mission for his employer.
The affidavits and depositions of Ronald Morgan and Ralph Cloy clearly show that there is no genuine issue of material fact as to whether Mr. Morgan was acting within the course and scope of his employment at the time of his accident. Accordingly, we affirm the summary judgment granted by the trial court, with all costs to be borne by plaintiffs-appellants.
AFFIRMED.