588 So.2d 1300 (1991)
Dennis R. LEONARD, Plaintiff-Appellant,
v.
Sonny N. STEPHENS, et al., Stephens & Stephens, Attorneys at Law, et al., Defendants-Appellees.
No. 22927-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*1301 Dennis R. Leonard, in pro. per.
Sonny N. Stephens, Winnsboro, for defendants-appellees.
Before MARVIN, C.J., and VICTORY and STEWART, JJ.
MARVIN, Chief Judge.
In this action for damages founded on legal malpractice and breach of contract, Dennis R. Leonard appeals the trial court's judgment granting defendants' motion for summary judgment on November 8, 1990. In this appeal Leonard also complains that the trial court denied his motion for summary judgment on July 16, 1990.
Leonard further complains of the court's failure to require defendants to answer interrogatories and to comply with his requests for production of documents, and of the court's failure to grant Leonard expenses that arise out of his motion to compel discovery.
We reverse the judgment granting defendants' motion for summary judgment while affirming the judgment denying Leonard's motion for summary judgment. Because of our dispositions and because the record does not include an express ruling on Leonard's motion to compel discovery, we remand to allow a ruling on that issue to be made by the court below.

FACTS
Leonard was convicted of aggravated burglary and aggravated battery upon his guilty pleas. The convictions were upheld by this court on appeal. State v. Leonard, 514 So.2d 695 (La.App. 2d Cir.1987). We hereafter refer to defendants singularly as Stephens, who was not Leonard's lawyer until after Leonard's conviction was final.
On February 26, 1988, Stephens first visited Leonard, who was then incarcerated, to discuss an application for post-conviction relief or a further appeal on Leonard's behalf. Leonard paid Stephens $332.50 for this initial visit. Stephens agreed to represent Leonard in PCR proceedings and was thereafter paid $3,500 in separate installments. About a year later, on February 3, 1989, Leonard demanded that Stephens withdraw as his counsel, return all records, and refund all fees advanced him.
On May 2, 1989, Leonard filed his petition seeking return of the fees and $1,575,000 damages for breach of contract, fraud, negligence, malpractice and malfeasance. Leonard alleged that Stephens had not filed any pleadings on Leonard's behalf. In May 1989, Stephens refunded Leonard $2,750 through his new attorney, Culpepper. Stephens answered Leonard's petition with a general denial on December 21, 1989.
*1302 Leonard filed a motion for a summary judgment on May 18, 1990. This motion was denied July 16, 1990. On September 7, 1990, Leonard filed interrogatories and requests for production of documents. Leonard then filed a motion to compel answers to discovery on October 9, 1990. On October 26, 1990, Stephens filed a motion for summary judgment which was granted November 8, 1990, by the trial court after a lengthy pre-trial conference.

SUMMARY JUDGMENT
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Indus. Sand and Abrasives v. L. & N.R. Co., 427 So.2d 1152 (La.1983); Dixon v. Perlman, 528 So.2d 637 (La.App. 2d Cir.1988).
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. CCP Art. 966; Thornhill v. Black, Sivalls, & Bryson, Inc., 394 So.2d 1189 (La.1981); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983). A summary judgment is not appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence. Dixon, supra; Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3d Cir.1982), writ denied.
The party who moves for summary judgment has the burden of clearly showing that there is no genuine issue of material fact in dispute. In determining if the mover has satisfied his burden, the court will closely scrutinize the pleadings, affidavits and documents of the mover and will resolve any reasonable doubt as to the existence of a genuine issue of material fact against the mover and in favor of trial on the merits. Dixon, supra; Watson, supra.
If the supporting documents presented by the moving party are insufficient to resolve all material fact issues, summary judgment must be denied. If sufficient, the burden shifts to the opposing party to present supporting evidence showing that material facts are still at issue. CCP Art. 967; Dixon, supra. A summary judgment is not a substitute for a trial on the merits. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir. 1983).
Leonard contends that the trial court erred in failing to grant his motion for summary judgment. An appeal does not lie from the court's refusal to grant any judgment on the pleading or a summary judgment. CCP Art. 968.
Comment (d) to CCP Art. 968 states that because a trial court's overruling a motion for summary judgment is an interlocutory judgment causing no irreparable injury, it can only be appealed with the final judgment rendered in the case. Schaefer v. Lynch, 406 So.2d 185 (La.1981). See also Magill v. Owen Const. Co., Inc., 434 So.2d 520 (La.App. 2d Cir.1983).
The summary judgment in favor of Stephens is an appealable judgment. The denial of Leonard's motion for summary judgment is reviewable in this appeal. The issues whether Stephens breached the contract with Leonard, whether Stephens committed malpractice, malfeasance, acts of negligence or fraud, and whether Leonard suffered damages, remain material factual issues.
We find that neither Leonard nor Stephens is entitled to a summary judgment. Leonard's motion for summary judgment stated,
There are no material facts in support of defendant's contention that plaintiff suffered no damages as a result of the actions and failure of the defendant to act.
Attached to Leonard's motion for summary judgment were the following:
a March 2, 1988, letter from Stephens to Leonard in which he agreed to file an appeal on Leonard's behalf for $3,000-$3,500;
a May 9, 1988, letter from Stephens to Leonard that confirmed a $2,931.33 payment *1303 and stated that he would start post-conviction relief pleadings immediately; a December 28, 1988, letter from the Richland Parish Clerk of Court's Office to Leonard stating that there was no information in their files indicating that an attorney was enrolled in Leonard's case;
a February 3, 1989, letter from Leonard to Stephens demanding that Stephens withdraw from the case, return all records, and refund all fees advanced;
a copy of a check from Stephens for $2,750 made payable to Leonard's new lawyer;
a copy of a writ which was granted by this court on May 3, 1990, which conditionally vacated Leonard's convictions and sentences to allow the trial court to hold a hearing and to make the determination as to whether the plea was knowingly and intelligently entered after Leonard was counseled about his sentencing exposure;
a statement of undisputed facts; and
an affidavit by Leonard which partially stated that Stephens failed to enroll as counsel, begin work and/or actual litigation in reference to a post-conviction relief application in Leonard's behalf.
The pleadings, affidavits and documents of the mover suggest, but do not prove Stephens breached the agreement between the parties, committed malpractice, malfeasance, acts of negligence or fraud, or whether Leonard suffered any damages. Leonard did not satisfy his burden of proving that there is no genuine issue of material fact in dispute. The trial court therefore did not err in denying Leonard a summary judgment.
For the same reasons, we find the trial court erred in granting Stephens' motion for summary judgment. Several genuine issues of material fact are in dispute. Leonard's petition alleges that Stephens' failure to act with reasonable diligence and promptness in representing Leonard and to prepare an application for post-conviction relief or an out-of-time appeal on Leonard's behalf constitute not only a breach of the employment agreement, but as well, malpractice, malfeasance, negligence, and fraud. Leonard contends that he would not be incarcerated in such a restrictive environment, or possibly not at all, if Stephens had timely acted on his behalf.
As the party moving for summary judgment, Stephens had the burden of proving that there were no genuine issues of material fact in dispute. Stephens cites Simmons v. Yelverton, 513 So.2d 504 (La.App. 2d Cir.1987), and St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1st Cir. 1982), for the proposition that the judgment of the trial court is presumed to be supported by competent evidence because the record does not contain a transcript or a narrative of facts by the parties or by the trial judge. This presumption does not apply here.
There is a presumption that a default judgment is well-founded and is based on competent evidence when there is no note of evidence of parol testimony. However, this presumption does not attach when the record upon which the judgment is rendered reveals legal or factual insufficiencies which are fatal to the judgment. See Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Sudds v. Protective Cas. Ins. Co., 554 So.2d 149 (La.App. 2d Cir.1989). That reasoning applies here.
The presumption that the judgment of the trial court is supported by competent evidence applies where the record, transcript, or narrative of facts is incomplete. Where the record before the appellate court is complete, the presumption does not apply. Here, we have a complete record of all of the evidence that the trial court had before it at the hearing on the motion for summary judgment. A transcript of the hearing of a motion for summary judgment is not necessary for review. In-court testimony should neither be received nor considered to rule on a motion for summary judgment. Watson, supra; Urban Management Corp. v. Burns, 427 So.2d 1310 (La.App. 2d Cir.1983).
Stephens' answer denied the allegations in Leonard's petition. The answer also *1304 stated that Stephens refunded $2,750 of the $3,500 fee, that Leonard did not suffer any damages due to the fact that he is still incarcerated, that Stephens was the third lawyer to represent Leonard, and that the agreement between the parties did not make any warranties. Stephens filed a supporting affidavit in which he also asserted that Leonard has had another attorney for over a year and still remains incarcerated, and that Leonard has been represented by four attorneys and has filed a civil suit against another.
Stephens' assertions, however, fail to prove that there were no genuine issues of material fact in dispute. Stephens returned only $2,750 of the $3,500 fee. He does not suggest that he earned the remaining $750 or acted diligently. An attorney is obligated to exercise at least that degree of care, skill and diligence exercised by prudent attorneys practicing in his community or locality. Dixon, supra. Expert testimony is admissable to establish the standard of care exercised by attorneys in the locality. Id. There is no evidence in the record indicating whether Stephens exercised that degree of care, skill and diligence exercised by prudent attorneys practicing in his community or locality. The assertions of each party, moreover, do not show that Stephens did or did not breach the contract between the parties or that he did or did not commit malpractice, malfeasance, acts of negligence or fraud.
We therefore reverse Stephens' summary judgment.

DISCOVERY
Leonard's final contention is that the trial court erred in failing to require Stephens to provide him with answers to interrogatories and to comply with requests for production of documents, and in failing to grant Leonard the cost of bringing a motion to compel discovery. On September 7, 1990, Leonard filed interrogatories and requests for production of documents. On October 9, 1990, Leonard filed a motion to compel answer to discovery. The trial court ordered Stephens to show cause why he should not be ordered to answer the interrogatories and to comply with the requests for production at a hearing set for November 8, 1990. Minutes of the lower court indicate that motions fixed for November 8, 1990, were taken up on that date and that Stephens' motion for summary judgment was granted and the case was dismissed. The record is silent as to an express ruling on Leonard's motion to compel discovery.
CCP Art. 1469 states in part,
If the motion [for order compelling discovery] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expense incurred in obtaining the order, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
Because the record does not show that the trial court expressly ruled on Leonard's motion to compel discovery, we shall remand to allow the trial court to rule on Leonard's motions.

DECREE
The judgment granting the motion for summary judgment in favor of Stephens is reversed, and the case is remanded to the trial court for further proceedings in accordance with law. The judgment of the trial court denying Leonard's motion for summary judgment is affirmed. Costs here and below are assessed against Stephens.