600 So.2d 1373 (1992)
Shirley M. MEDINE and Junior A. Medine
v.
Glenn JOHNSON, et al.
No. 91 CA 0793.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
*1374 L. Richard Roy, III, Baton Rouge, for plaintiffs/appellants.
Paul Marks, Jr., Baton Rouge, for defendants.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
This is an appeal from a summary judgment which dismissed Shirley Medine's (plaintiff) suit against Peltier's, Inc. (defendant).
On March 27, 1989, plaintiff filed suit against Glenn Johnson, his insurer Sovereign Fire and Casualty Insurance Company,[1] and defendant, Johnson's employer. The petition alleges the following: that on or about November 7, 1988, plaintiff went to defendant's garage located in Donaldsonville, Louisiana, to have the brakes of her car repaired; that because all of defendant's employees were busy, Brent Gautreaux, one of the employees, asked Roger Johnson, a non-employee, if he would repair plaintiff's brakes; that Roger Johnson agreed to repair plaintiff's brakes while her car was still located on defendant's premises; that while plaintiff was kneeling down on the driver's side of her car, Glenn Johnson negligently backed over her foot; that at all pertinent times Glenn Johnson was operating his vehicle in the course and scope of his employment; that defendant failed to warn customers to stay clear of the work area; and that defendant should not have allowed a non-employee to work on a vehicle on its premises.
On April 11, 1989, Steve Joffrion, defendant's attorney, filed an answer in response to plaintiff's petition. Generally, the answer denies plaintiff's allegations. However, the answer does state: "Petitioner SHIRLEY M. MEDINE, while on the premises in the capacity of a trespasser, was actually lying down flat on the ground and was not visible to defendant GLENN JOHNSON."
Later, Paul Marks replaced Joffrion as attorney for defendant. On August 23, 1989, Marks filed an answer on behalf of his client. The answer filed by Marks denies the accident occurred on defendant's premises.
Ralph Fletcher, plaintiff's attorney, and Marks deposed Glenn Johnson on December 14, 1989. Johnson testified as follows: Defendant has two locations, one in Gonzales and one in Donaldsonville. Johnson worked for defendant as a salaried truck driver for approximately nine years. He operated primarily out of the Gonzales garage. His scheduled work hours were flexible and depended on the time he started in the morning. On the day in question Johnson made a delivery to defendant in Donaldsonville *1375 in his own truck. Ordinarily, Johnson drove defendant's truck when making deliveries; however, since he planned on going to his home in Donaldsonville after the delivery, he used his own vehicle. As he arrived at the Donaldsonville garage, he noticed plaintiff's car jacked up on the street in front of defendant's premises. According to Johnson, after he made his delivery he got into his truck to go home for the day and ran over plaintiff's foot as he was backing out onto the street in front of defendant's establishment.
Defendant relied on Johnson's deposition at the summary judgment hearing.[2] Plaintiff filed no countervailing affidavit or deposition. The trial court ruled in favor of defendant and dismissed plaintiff's suit.
Among other things, plaintiff argues summary judgment was improperly granted because a material issue of fact exists concerning whether Glenn Johnson was within the course and scope of his employment when the accident occurred.
Generally, employees are not in the course and scope of their employment when going to and from work. However, the facts and circumstances of each case must be examined to determine whether the employee's conduct is closely related in time, place, and causation to his employment. Roger v. Dufrene, 553 So.2d 1106 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1358 (La.1990). In Reed v. House of Decor, 468 So.2d 1159 (La.1985), the Louisiana Supreme Court in discussing when a tort-feasor is within the course and scope of his employment stated:
Whether a party is liable for the act of a [tort-feasor] on the basis that the [tort-feasor] was the party's employee in the course and scope of employment depends upon the proof and assessment of several factors, including payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time, place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by t[he] employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act.
Reed, 468 So.2d at 1161.
A factual situation similar to this case is found in Wall v. Brown & Root, 535 So.2d 486 (La.App. 4th Cir.1988), vacated, 540 So.2d 323 (La.1989). In Wall, the employee often spent the night in a trailer used as an office that was located at the job. The employee usually began work at 7:00 a.m. However, the record contained conflicting testimony which indicated the employee sometimes began work at 6:00 a.m. On the morning in question, after awakening at 6:00 a.m., the employee got into his personal car and drove down the road approximately four miles to purchase a cup of coffee and two rolls of toilet tissue. As he was returning to the trailer at approximately 6:30 a.m., he struck plaintiff's vehicle just as he was pulling into the parking lot.
Defendant filed affidavits by the employee and its general manager. The point of the affidavits was to establish the employee was on a personal errand and not within the course and scope of his employment. In fact, the employee stated he went to get the toilet tissue for his personal use and purchased it with his own funds. Plaintiff elected to file no countervailing affidavits.
Summary judgment was granted in favor of defendant. This judgment was affirmed by the court of appeal, with one judge dissenting. The supreme court summarily reversed the court of appeal and remanded the case to the trial court.
The party moving for summary judgment must clearly prove the absence *1376 of a genuine issue of material fact. Any doubt is resolved against summary judgment and in favor of a trial on the merits. Roger v. Dufrene, 553 So.2d at 1108.
Here, the record reflects Glenn Johnson, at least to some extent, was a salaried employee who set his own hours.[3] At the time of the accident, he was using his own vehicle to make a delivery to defendant. The record does not reflect whether Johnson was reimbursed for the use of his personal vehicle. Moreover, the record reflects the accident occurred as plaintiff backed out of his employer's premises onto the roadway. From a drawing made by Johnson concerning the placement of his vehicle in relationship to his employer's premises, it is clear the accident occurred within feet of defendant's property.
Applying the doctrine that all doubt must be resolved against the granting of a summary judgment, we conclude that a genuine issue of material fact exists regarding whether Johnson was within the course and scope of his employment at the time of the accident. Wall v. Brown & Root, Inc., 535 So.2d at 488; Roger v. Dufrene, 553 So.2d at 1111.[4]
Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings, with all costs of appeal taxed to defendant.
REVERSED AND REMANDED.
NOTES
[1] Glenn Johnson and his insurer, Sovereign Fire & Casualty Insurance Company, were dismissed from the suit on October 26, 1989, apparently after reaching a settlement with plaintiff.
[2] The motion filed by defendants was styled as a Motion for Summary Judgment Or, Strictly In The Alternative, to Compel Discovery.
[3] His deposition was vague as to the hours of his workday, other than he never worked more than eight or nine hours. On the day in question, he went to work "kind of early that morning" and "knocked off about after three or something like that." He knew it was after lunch. Plaintiff's petition alleges the accident occurred at approximately 3:00 p.m.
[4] On appeal, plaintiff also contends the first answer filed by Joffrion judicially confesses the accident occurred on defendant's premises. As noted above, material issues of fact exist which, if proved by plaintiff, would eliminate the need to prove the exact location of the accident. Therefore, we need not reach this issue. Moreover, we find it noteworthy that additional issues of fact exist concerning defendant's relationship with Roger Johnson, the mechanic, who defendant "arranged" to work on plaintiff's vehicle.