SHORTESS, Judge.
This appeal arises out of a proceeding brought by the Commissioner of Insurance (plaintiff) as liquidator of National Society of Health (NSH)[1] to recover allegedly preferential transfers made to Henry G. Norvell (Norvell) and John Donald Precour (Prec-our). Heritage State of Texas (Heritage) entered into a marketing services agreement with NSH. Society Management Services, Inc. (Society), entered into a commission and fee agreement and a separate service agreement with NSH. Norvell and Precour were officers in Society and NSH. (Norvell, Prec-our, Society, and Heritage are collectively defendants.)
The petition for liquidation was filed November 16, 1990. Plaintiff in motions for summary judgment alleged that in the two years prior to filing the petition, NSH preferentially transferred amounts to Norvell and Precour, individually, and to Heritage and Society, totaling $4,135,803.73. The trial court partially granted the motions regarding amounts paid during the four-month period prior to the petition for liquidation, totaling $403,126.60.[2]
Defendants on appeal contend two material issues of fact exist which preclude summary judgment: (1) whether defendants had the intent and knowledge referred to in Louisiana Revised Statute 22:745, and (2) whether the transfers were preferential. Revised Statute 22:745 provides, in pertinent part:
A. No insurer shall make any transfer of or create any lien upon any of its property with the intent of giving to or enabling any creditor or policyholder to obtain a greater percentage of this debt than any other creditor of the same class.
|2B. Any transfer of, or hen upon, any property of any insurer made or created within four months prior to the filing of a petition for an order to show cause under this Part, which gives to any creditor or policyholder or enables him to obtain a greater percentage of his debt than any other creditor or policyholder in the same class, which is accepted by a creditor or policyholder having reasonable cause to believe that such a preference will occur, shall be voidable. Where the preference consists in a transfer, such period of four months shall not expire until four *693 months after the date of the recording or registering of the transfer if by law such recording or registering is required.
C. Every director, officer, employee, stockholder, member, or any other person, acting on behalf of such insurer, who, within two years prior to the fifing of a petition for an order to show cause against such insurer under this Part, shall knowingly participate in the making of any transfer or the creation of any lien prohibited by Sub-section A and every person receiving any property of, or cash surrender from, such insurer or the benefit thereof, as a result of a transaction voidable under Subsection B, shall be jointly and severally liable therefor and shall be bound to account to the commissioner of insurance as rehabifitator, liquidator or conservator as the case may be.
(Emphasis added.)
The sole purpose of the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Industrial Sand & Abrasives v. Louisville & Nashville R.R. Co., 427 So.2d 1152 (La.1983); Leonard v. Stephens, 588 So.2d 1300 (La.App.2d Cir.1991). The party moving for summary judgment must clearly prove the absence of a genuine issue of material fact. Thus, on motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Robertson v. Our Lady of the Lake Regional Medical Ctr., 574 So.2d 381, 384-85 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
IsThe statute, in subsection A, requires that the insurer have an intent to give the creditor a preference, and, in subsection B, that the creditor have reasonable cause to believe a preference will occur. Subsection C requires that an officer knowingly participate in a prohibited preferential transfer.
In each of the petitions against defendants, plaintiff claims defendants “knew or had reasonable cause to believe that a preference would occur with respect to all or a portion of the Preference Amounts.” The only evidence offered to support this allegation was the affidavits of James Guillot, special deputy liquidator of NSH. Guillot asserts that because Norvell and Precour were officers in all three organizations, they “knew or had reasonable cause to believe” the payments were preferences.
Guillot further asserts that as of October 31, 1990, NSH had assets of $623,287.00, and liabilities of $4,919,671.00, for a total deficit of $4,296,384.00. At that time the claims liability was $4,844,574.00.
Nevertheless, defendants opposed the motions, and Norvell and Precour each provided a countervailing affidavit. Each affidavit stated: “It is specifically and categorically denied that I, or any of the defendants, received any preferential payments from NSH or had any reasonable cause to believe that at the time payments were made a preference would occur.” Each affidavit also claims that specific alleged payments were not received and that the alleged amounts were inaccurate and were not preferential transfers. Defendants also presented the affidavit of Society’s certified public accountant, Darrell E. Rupert. In that affidavit, Rupert offered detailed explanations for the payments and offered to produce accounting records and tax returns to substantiate his affidavit.
_JjAlthough the alleged assets and liabilities are strong evidence that defendants had “reasonable cause” to believe a preference would occur, defendants’ affidavits sufficiently contradict plaintiffs assertion. Defendants deny the knowledge and intent required by subsection A and C, provide specific explanations of payments, and question the accuracy of certain alleged transfers.[3]
*694 As a general rule, a motion for summary-judgment “is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith.” Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Neuberger, Coerver & Goins v. Times Picayune Pub. Co., 597 So.2d 1179, 1184 (La.App. 1st Cir.1992). Though rare, it can be done when there is no issue of material fact concerning the pertinent intent or knowledge. Simoneaux v. E.I. du Pont de Nemours & Co., 483 So.2d 908 (La.1986).
In this case, the affidavits offered by defendants show material facts exist concerning whether the transfers were preferences, whether defendants knew the transfers were preferences or had reasonable cause to believe they were preferences, and whether defendants intended to make preferential transfers. Defendants’ affidavits were sufficient to defeat plaintiffs motions for summary judgment.
Any doubt is resolved against summary judgment and in favor of a trial on the merits. Medine v. Johnson, 600 So.2d 1373 (La.App. 1st Cir.1992). Summary judgment cannot be granted once the judge detects the existence of a disputed material fact. Layne v. Mandeville, 633 So.2d 608 (La.App. 1st Cir.1993). Disputed material facts clearly exist in this case. The trial court erred as a matter of law in granting the motion for summary judgment.
Because of the foregoing findings, we do not address defendants’ further assignments of error. The judgment of the trial court granting summary judgment is reversed, and this case is remanded for further proceedings. We decree that all costs of this appeal be assessed against the Commissioner of Insurance of the State of Louisiana, in his capacity as Liquidator of NSH, to the extent permitted by law.
REVERSED AND REMANDED.

. NSH is a fraternal benefit society.

. The court specifically awarded $218,064.60, "or such other sum as the canceled checks do total,” for amounts paid during the four-month period prior to filing and $185,062.00 for “commissions not yet earned or due." These two amounts total $403,126.60.

. In its motions, plaintiff contends any possible defense defendants might have would have to be pleaded as an affirmative defense. Because defendants answered with "general denials," plaintiff contends "it seems improbable” that an issue of material fact exists. Defendants’ general denials are not a sufficient basis on which plaintiff may rely in order to carry its burden of clearly *694 proving no material facts exist. Furthermore, "improbability" of the existence of material facts is not clear proof of the non-existence of material facts.