J2SHORTESS, Judge.
This suit arises out of two accidents which occurred on and near a sunken barge in Bateman Lake oil field in St. Mary Parish. William D. Hails, doing business as Concor-dia Compressor Service[1] (plaintiff), was hired by Oryx Energy Company (defendant)[2] to perform work at a submerged, fixed platform in Bateman Lake. The work involved dismantling several natural gas compressors which were anchored to a barge that was partially submerged in the mud in the lake.
Plaintiff filed suit against defendant, Chester Henry Boats, Inc., and Hellenic, Inc., for damages allegedly suffered by him while engaged in work at the platform site in Bate-man Lake. Defendant filed counterclaims and cross-claims against plaintiff, Chester Henry, and Hellenic for indemnity.[3]
Defendant filed a motion for summary judgment on the issue of whether plaintiff owed a defense and indemnity to defendant based on its contract with plaintiff.[4] Plaintiff filed a cross-motion for summary judgment contending that the contract was a non-maritime contract, that Louisiana law applied to the contract, and 13 that Louisiana Revised Statute 9:2780[5] prohibited the indemnity clause. The trial court, with written reasons, agreed with plaintiff, denied defendant’s motion, granted plaintiffs motion, and dismissed defendant’s claims against plaintiff for defense and indemnity. It is from this judgment defendant appealed.
The standards Louisiana courts follow when considering a motion for summary judgment are clear and well-settled. The sole purpose of the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Industrial Sand & Abrasives v. Louisville & Nashville R.R. Co., 427 So.2d 1152, 1153 (La.1983); Leonard v. Stephens, 588 So.2d 1300, 1302 (La.App.2d Cir.1991). The party moving for summary judgment must clearly prove the absence of a genuine issue of material fact. Any doubt is resolved against summary judgment and in favor of a trial on the merits. Medine v. Johnson, 600 So.2d 1373, 1375-76 (La.App. 1st Cir.1992); Roger v. Dufrene, 553 So.2d 1106, 1108 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1358 (La.1990). Summary judgment cannot be granted once the judge detects the existence of a disputed material fact. Layne v. Mandeville, 633 So.2d 608, 612 (La.App. 1st Cir.1993), writ denied, 94-0268 (La. 3/25/94), 635 So.2d 234.
In this ease, plaintiff contends his contract with defendant was to remove and dismantle only the compressor units. Defendant contends the contract was to dismantle the compressors and remove the barge.
The master services contract between plaintiff and defendant does not specify particular work because it contemplates future services. Plaintiff wrote a letter bidding on the project, which is the only paperwork the parties presented in support of their motions pertaining to what work the parties agreed *853 would be done. The entire body of the letter states:
|4To remove the building and both units, unit # 25750 and unit # 25782, Clark RA-8, all piping and vessels, washing barge and completely stripping the units. We will preserve all parts that Oryx wants and take take (sic) special care of the parts that are to be sold and the rest will go as junk.
I estimate the job to take 23 days at a cost of $59,052.00, but if the job goes well with no [unforeseen] problems and the weather prevails the job should take 17-19 days which will bring the cost down [a lot]. Please bear in mind that I am using top figures. If you need a bottom figure, I have one in mind.
All safety measures will be taken and upon completion of the job, all will be clean and ready for EPA.
Whether maritime or state law applies to the contract is determined by looking at the historical treatment given a contract and by applying a six-part fact-specific inquiry courts use in characterizing a contract. Davis & Sons, Inc. v. Gulf Oil Corp., 919 F.2d 313 (5th Cir.1990).[6]
Plaintiffs petition states he contracted to “remove compressors which were situated on a sunken barge.” During a lengthy deposition, plaintiff stated he was hired to “make this barge ready to float.” The bid letter states part of the job was to “remove ... all ... vessels.” However, plaintiff did not in fact remove the barge and claims he was never obligated to remove the barge. Defendant presents no evidence to show the contract was to remove the barge and make it navigable other than the bid Isletter. The trial court made a factual determination that the contract was only to remove the compressors. The briefs and the record clearly show this was a hotly disputed issue and remains so. Not only is it fatal to defendant’s motion, it also is fatal to plaintiffs.
Whether a contract is maritime or non-maritime is a legal determination, which can be determined on summary judgment only if there are no disputed issues of material fact. Although the trial court performed a lengthy and thorough analysis of the legal precepts guiding the determination of whether maritime or state law applies, apparently the law on summary judgment was overlooked.[7] This disputed issue should have precluded summary judgment.
Within this devolutive appeal, defendant also seeks to invoke the supervisory jurisdiction of this court concerning a subsequent motion for summary judgment on another but related issue which the court denied. Defendant filed this second motion for summary judgment after the court ruled on the initial cross-motions. We do not address this judgment because it is not properly before us. A devolutive appeal cannot be combined with an application for supervisory writs on a subsequent interlocutory judgment.[8]
For the foregoing reasons, the judgment of the trial court granting plaintiffs motion for *854 summary judgment is reversed and this case is remanded for further proceedings. All costs of this appeal are assessed to defendant.
REVERSED AND REMANDED.

. William Hails, a sole proprietor, changed the name of his company from HBG Compressor Services to Concordia Compressor Services. This change does not affect the present proceedings.

. Oryx Energy Corporation was formerly Sun Exploration and Production Company, Inc. The trial court dismissed Sun Oil Company, Sun Exploration and Production Co., Inc., and Sun Operating Limited Partnership with prejudice without objection from plaintiff.

. Travelers Insurance Company intervened. Chester Henry Boats filed a limitation of liability action in the United States District Court for the Western District of Louisiana, No. 92-1986, which has been stayed.
None of the defendants except Oryx are parties to this appeal. Therefore, only Oryx is referred to herein as "defendant.”

. The master services agreement between plaintiff and defendant contains an indemnity provision requiring plaintiff to indemnify defendant even for defendant’s own negligence arising out of work performed under the contract. Such indemnity clauses are acceptable under maritime contract law, but under Louisiana Revised Statute 9:2780 they are void.

. This statute is commonly referred to as the Louisiana Oil Field Anti-Indemnity Act.

.These factors are: (1) What does the specific work order in effect at the time of the injury provide? (2) What work did the crew assigned under the work order actually do? (3) Was the crew assigned to work aboard a vessel in navigable waters? (4) To what extent did the work being done relate to the mission of that vessel? (5) What was the principal work of the injured worker? and (6) What work was the injured worker actually doing at the time of the injury?
We have declined to address the application for supervisory writs for reasons stated herein. However, in the interest of judicial economy, we note that different factors apply to torts. See Williams v. Reiss, 94-0672 (La.App. 4th Cir. 9/29/94), 643 So.2d 792, 795, citing Sisson v. Ruby, 497 U.S. 358, 361-62, 110 S.Ct. 2892, 2895-96, 111 L.Ed.2d 292 (1990); Foremost v. Richardson, 457 U.S. 668, 673, 102 S.Ct. 2654, 2658, 73 L.Ed.2d 300 (1982); and Executive Jet Aviation, Inc. v. Cleveland, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972).
The legal determinations of whether maritime law or state law applies to a contract or to a tort are separate inquiries.

. This case is fraught with legal issues which are based on factual inquiries. The trial court is empowered to decide questions of fact in order to decide questions of law, but not on a motion for summary judgment. See La.C.C.P. art. 1879.

. However, when a judgment is rendered which is appealable, a reviewing court can then consider the correctness of prior interlocutory judgments. People of the Living God v. Chantilly Corp., 251 La. 943, 207 So.2d 752, 753 (1968).