434 So.2d 520 (1983)
David J. MAGILL et ux., Plaintiffs-Appellees,
v.
OWEN CONSTRUCTION COMPANY, INC., Defendant-Appellee, and
St. Paul Insurance Company, Defendant-Third Party Defendant-Appellant.
No. 15448-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
Rehearing Denied August 3, 1983.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendant-appellant.
*521 T.K. Giddens, Jr., A Professional Law Corp. by Jeanette G. Garrett, Shreveport, for plaintiffs-appellees.
Before PRICE, MARVIN and FRED W. JONES, JJ.
FRED W. JONES, Jr., Judge.
Homeowners, the Magills, were awarded judgment for $6,070 against Owen Construction Company, Inc. ("Owen") and St. Paul Insurance Company ("St. Paul") for damages sustained as a result of Owen's defective workmanship in constructing an addition to plaintiffs' residence. St. Paul appealed the judgment, asserting the trial judge erred in (1) overruling St. Paul's motion for summary judgment; (2) denying St. Paul's motion for a directed verdict at the close of plaintiffs' case; and (3) holding that plaintiffs proved the existence of an insurance contract between St. Paul and Owen and that this policy covered the liability of Owen to plaintiffs.
Plaintiffs answered the appeal, asking for an increase in the award in their favor against St. Paul. Since Owen did not appeal, the judgment is final as to it.
For the reasons hereinafter explained, we find merit in St. Paul's argument that the trial judge erroneously denied its motion for summary judgment, and reverse the judgment rendered against it.
The Magills originally filed suit against Owen, only, for damages allegedly resulting from defendant's defective work performed pursuant to a written building contract. Specific defects alleged were: corner walls separated from the floor leaving a gap between the floor and wall; ridge formed between original foundation and new foundation of the addition; molding shifted to expose unfinished paneling; sheetrock separated in various places; shifting of doors; and cracking of floor in addition.
Owen answered, denying in general the allegations of plaintiffs' petition. Subsequently, Owen filed a third party demand against St. Paul, claiming indemnity under an insurance contract for any judgment rendered in favor of the Magills against Owen. Plaintiffs later filed a supplemental and amended petition, joining St. Paul as a defendant on the main demand.
St. Paul filed a motion for summary judgment, requesting dismissal as to it of the main demand and the third party demand, arguing that specific provisions in its insurance contract (a certified copy of which was attached to the motion) excluded coverage for claims of the nature presented by plaintiffs.
Neither Owen nor the Magills responded to the motion for summary judgment, either by filing affidavits or otherwise.
The only reference in the record to the trial court's disposition of the motion for summary judgment is a court minute entry stating: "Motion for summary judgment argued, submitted and overruled."
An appeal may not be taken from a trial court's denial of a motion for summary judgment. La.C.C.P. Article 968. One appellate court has gone so far as to hold that "a denial of a motion for summary judgment is not reviewable even upon appeal from the final judgment on the merits." Bruno v. Hartford Accident & Indemnity Co., 337 So.2d 241 (La.App. 3rd Cir.1976).
The rationale for declining to review, even on appeal of a final judgment, the trial court's denial of a motion for summary judgment based upon his finding of the existence of a genuine factual dispute is based on sound reasoning and established policy. We consistently admonish trial judges to proceed with great caution in sustaining a motion for summary judgment and thereby denying a litigant "his day in court." Further, a trial court's finding of fact after a trial on the merits is not to be disturbed unless clearly wrong.
On the other hand, this logic does not apply when the denial of a summary judgment is based solely upon the resolution of a legal issue. See 15 A.L.R.3d 899, 924, Summary JudgmentDenialReview. To so hold could effectively deny a litigant any opportunity to have an erroneous ruling of this nature by a trial judge ever corrected. Our state supreme court apparently recognized *522 the propriety of such a review in Kidder v. Anderson, 354 So.2d 1306, 1310 (La.1978) [reversed on other grounds] when it observed that "the motion for summary judgment was improperly denied" in the trial court.
We hold, therefore, that on the appeal of a final judgment, review may be had of the denial of a motion for summary judgment by the trial judge which is based solely upon the resolution of a legal question.
Turning to this case, St. Paul's insurance policy contained the following specific exclusions upon which it relied in seeking dismissal of the main demand and third party demand:
"(n) to property damage to the Named Insured's products arising out of such products or any part of such products;
(o) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;"
Whether these provisions operate to exclude coverage under the policy for claims such as those presented by plaintiffs is a question of law. Plaintiffs were clearly suing for damages for defective workmanship in connection with Owen's performance under a building contract. Neither Owen nor the Magills raised, by filing an appropriate response, any question concerning whether the insurance contract attached to the motion for summary judgment was actually the one issued to Owen. Under the circumstances and in accordance with our express holding, we find that the trial judge's denial of this motion for summary judgment is subject to review on this appeal.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Article 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Since the record reveals no existence of a factual question when the motion for summary judgment was ruled upon by the trial judge, the only remaining issue is whether St. Paul was entitled to judgment as a matter of law because its insurance policy excluded coverage for this particular claim.
Several Louisiana cases have squarely held that general liability insurance policies containing exclusion clauses such as those under consideration do not insure any obligation of the policyholder to repair or replace his own defective work or defective product. Vitenas v. Centanni, 381 So.2d 531 (La.App. 4th Cir.1980)language of exclusion clauses is identical to those in this case; Breaux v. St. Paul Fire & Marine Ins. Co., 345 So.2d 204 (La.App. 3rd Cir.1977); Vobill Homes, Inc. v. Hartford Accident & Indemnity Co., 179 So.2d 496 (La.App. 3rd Cir. 1965).
As the court pointed out in Breaux:
"[a] liability insurer who includes a `work product' exclusion in its policy is not liable for damages to the work product (in many cases a building or structure of some sort) of the insured due to negligent, faulty, or defective construction and workmanship. In other words, the courts recognize that liability policies are not performance bonds." (p. 208)
Consequently, we find that the cited provisions of St. Paul's insurance policy which was issued to Owen expressly exclude coverage for the claims presented by plaintiffs relating to alleged defective workmanship in connection with performance of a building contract. Since the trial judge erred as a matter of law in denying the motion for summary judgment, the final judgment as to St. Paul must be reversed.
This ruling pretermits the necessity of our considering plaintiffs' request, in its answer to St. Paul's appeal, for an increase *523 in the award. As previously noted, failure of Owen to appeal rendered final the judgment against it. The Magills' answer to St. Paul's appeal would not authorize an increase of the judgment against Owen. La. C.C.P. Art. 2133.
For these reasons, we reverse the district court judgment in favor of plaintiffs and third party plaintiff against St. Paul and render judgment dismissing these actions as to St. Paul, with costs of appeal assessed to the Magills.