538 So.2d 1139 (1989)
Eulalia Vera CASTIGLIOLA
v.
DEPARTMENT OF COMMUNITY DEVELOPMENT PROGRAMS FOR THE PARISH OF JEFFERSON and Construction & Renovation Enterprises, Inc.
No. 88-CA-662.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1989.
*1140 John David Cassanova, Metairie, for plaintiff-appellant.
McGlinchey, Stafford, Mintz, Cellini & Lang, Stephen P. Beiser, New Orleans, for defendant-appellee.
Before CHEHARDY, C.J., and GAUDIN and WICKER, JJ.
CHEHARDY, Chief Judge.
This is a suit by Eulalia Vera Castigliola against the Department of Community Development Programs for the Parish of Jefferson and Construction & Renovation Enterprises, Inc. (C & R), for damages resulting from C & R's failure to properly perform and complete repairs and renovation work C & R contracted to do on the plaintiff's home.
In later supplemental and amending petitions, the plaintiff added as defendants Joseph Dembrum, the president of C & R, and Insurance Company of North America (INA), C & R's insurer on a comprehensive general liability policy.
INA filed a motion for summary judgment, asserting its policy excludes coverage for negligent, faulty or defective construction and workmanship on the part of C & R. The district court granted summary judgment, dismissing INA as a defendant, and the plaintiff has appealed.
In her petition the plaintiff made the following allegations: she had entered into a rehabilitation contract with the defendants for repairs to her home; the defendant contractor failed to complete all of the work contracted for; the contractor either used defective materials for some of the work or performed the work improperly; contrary to the contract specifications, the roof had not been replaced and the house had not been leveled; vinyl siding had been installed rather than aluminum siding, as called for by the contract, resulting in bending and bowing of the siding due to movement of the house; the attic insulation had not been replaced; the contractor had charged the plaintiff $1,000 extra to perform plumbing work called for by the contract; and sun screens installed by the contractor were defective. In addition, the plaintiff alleged she was entitled to damages for "severe emotional trauma sustained as a direct result of defendants' outrageous treatment."
At issue are the following provisions of the policy, under Part I, "Coverage A Bodily Injury Liability, Coverage BProperty Damage Liability":
"Exclusions
This insurance does not apply:

* * * * * *
(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from
(1) a delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or
(2) the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured;
but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization other than an Insured;
(n) to property damage to the Named Insured's products arising out of such products or any part of such products;
(o) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, *1141 parts or equipment furnished in connection therewith;
(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein; * * *"
[1,2] The plaintiff argues that exclusion (m) is ambiguous and that the other exclusions do not apply. She also asserts there are genuine issues of material fact regarding her tort allegations that preclude summary judgment. She contends that if C & R is found to be liable to her under any of the facts, then INA must also be liable to her.
INA, in response, states these provisions exclude coverage for the contractor's failure to perform its work according to the contract specifications and for the failure of any products used by the contractor in the work, and cites numerous cases that have interpreted similar provisions.
In addition, INA argues that the plaintiff cannot recover damages for any mental anguish or emotional trauma because the object of the contract was not intellectual gratification, citing Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976).
We find no merit to plaintiff's arguments. An insurer is liable only for acts or omissions covered by its policy. The trial court correctly concluded that C & R's failure to perform its obligations under the contract were excluded by the cited provisions of the insurance policy. See Fredeman Shipyard v. Weldon Miller Contr., 497 So.2d 370 (La.App. 3 Cir.1986); Magill v. Owen Const. Co., Inc., 434 So.2d 520 (La.App. 2 Cir.1983); Breaux v. St. Paul Fire & Marine Ins. Co., 345 So.2d 204 (La.App. 3 Cir.1977). As pointed out by INA, a comprehensive general liability policy is not intended to be a substitute for a performance bond on a contractor.
Further, the Meador case, supra, established that in Louisiana, damages are not recoverable for nonpecuniary losses under a contract, unless a principal object of the contract is the gratification of intellectual enjoyment.
Subsequent to INA's filing of its motion for summary judgment, the plaintiff apparently filed a third supplemental and amending petition, in which she alleged for the first time that C & R employees had damaged portions of her home and had verbally abused her. These are tort allegations and are beyond the scope of the issues raised by the contractual questions. INA states this petition was never served on it.
In designating the record on appeal, the plaintiff requested only the motion for summary judgment and the memoranda in support thereof. The record lodged in this court contains only the original petition, the motion for summary judgment, the memoranda by the parties for and against the motion, the judgment, the petition for appeal, and the motion to designate record.
The plaintiff attached to her appellate brief a copy of the third supplemental and amending petition, which was never served on INA. It is not part of the official record before us, however, due to the plaintiff's failure to designate it as part of the record on appeal. Accordingly, we are unable to discuss any issues raised by either the plaintiff or INA respecting that petition.
In the absence of service on INA and/or proper presentation of the allegations raised by the third supplemental and amending petition, we must conclude that the summary judgment did not extend to any issues raised by that pleading. On the record as presented on this appeal, the district court was correct in granting summary judgment in favor of INA. Because it appears, however, that other factual issues may remain regarding the allegations of the third supplemental and amending petition, we shall amend the judgment to make clear that it is a partial summary judgment only.
For the foregoing reasons, the judgment of the district court is amended to grant *1142 partial summary judgment in favor of Insurance Company of North America dismissing the allegations in the original petition, in the first supplemental and amending petition, and in the second supplemental and amending petition. As amended, the judgment is affirmed. Costs of this appeal are assessed against the plaintiff.
AMENDED AND AFFIRMED.