614 So.2d 780 (1993)
Ann C. LEWIS & Tony Lewis, Plaintiffs-Appellants,
v.
Robert EASLEY, et al., Defendants-Appellees.
No. 24360-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
*781 Bruscato, Loomis & Street by Anthony J. Bruscato, Monroe, for appellants.
Bennie Mac Farrar, Monroe, for appellee, Robert Easley.
Shafto & Ashbrook by Stephen L. Harrison, Monroe, for appellee, Mt. Hawley Ins. Co.
Marshall L. Sanson, Monroe, for appellee, J.W. "Ace" Wallace.
Before LINDSAY, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
Plaintiffs, Ann C. Lewis and Tony Lewis, appeal from a trial court judgment determining that the general liability policy issued by Mt. Hawley Insurance Company ("Mt. Hawley") to Robert Easley, d/b/a Building Exteriors, did not provide coverage for a defectively constructed roof.

Facts
Soon after a hailstorm in May 1989, the Lewises contracted for Building Exteriors to re-roof one of their rental properties. Easley's crew began its activities on June 15, 1989, and concluded the bulk of the work by July 13. Later, subsequent to the first or second ensuing rain, the tenant noticed leaks allowing water into the interior of the building. Almost two years thereafter, unable to persuade the contractor to correct the problem, the property owners engaged another company to do so.
Plaintiffs subsequently filed suit against Easley and his insurer, Mt. Hawley.[1] After trial on the merits, the district court found that the roof problems stemmed from faulty workmanship (a factual finding unchallenged by either party to the appeal), and, accordingly, awarded judgment assessing Easley for the repair costs paid to the other roofing firm. The decision conversely concluded that a claim for inside-the-building ceiling damage had not been sufficiently established. Continuing, the court determined that the liability insurance policy at issue, among its other provisions, excluded "any claim for damages such as those in this case which arose ... as the result of poor workmanship." It is only from this ascertainment of noncoverage that the Lewises now appeal.

Discussion
While Mt. Hawley, under its "commercial general liability policy," contractually provides coverage when the insured becomes legally obligated to pay damages resulting from bodily injury or property damage caused by an occurrence, the work product exclusion of the policy specifically addresses the instant situation:

*782 SECTION II. EXCLUSIONS
This insurance does not apply:
* * * * * *
(n) to PROPERTY DAMAGE to the NAMED INSURED'S PRODUCTS arising out of such products or any part of such products;
(o) to PROPERTY DAMAGE to work performed by or on behalf of the NAMED INSURED arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;
An attached endorsement of the policy defines, as follows:[2]
"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold.
Whether such provisions operate to exclude coverage for appellants' claims is a question of law. Magill v. Owen Const. Co., Inc., 434 So.2d 520 (La.App. 2d Cir.1983).
Louisiana courts have consistently recognized that general liability insurance policies containing exclusion clauses identical, or substantially similar, to those under consideration do not insure any obligation of the policyholder to repair or replace his own defective work or product. Allen v. Lawton & Moore Builders, Inc., 535 So.2d 779 (La.App. 2d Cir.1988); Magill, supra; Fredeman Shipyard, Inc. v. Weldon Miller Contractors, 497 So.2d 370 (La.App. 3d Cir.1986); Old River Terminal Co-op v. Davco Corp., 431 So.2d 1068 (La.App. 1st Cir.1983); Breaux v. St. Paul Fire & Marine Ins. Co., 345 So.2d 204 (La.App. 3d Cir.1977). As the third circuit explained in Breaux:
[A] liability insurer who includes a "work product" exclusion in its policy is not liable for damages to the work product (in many cases a building or structure of some sort) of the insured due to negligent, faulty, or defective construction and workmanship. In other words, the courts recognize that liability policies are not performance bonds. 345 So.2d at 208.
The exclusions before us plainly indicate that the policy does not guarantee the quality of the insured's products or work. Stated more specifically, Mt. Hawley expressly excluded coverage for claims relating to defective construction, such as appellants' complaints concerning the roof of their rental property.
So too, the policy definition of "occurrence" provides support for the trial court's determination of noncoverage:
"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.
Interpreting identical language in Fredeman, supra, the court noted that no occurrence or accident transpires where the liability of a contractor depends solely on improper construction or faulty repair work.

Conclusion
For the foregoing reasons, finding that the trial court correctly rejected the claims against Mt. Hawley, we affirm. Appellants are cast with all costs.
AFFIRMED.
NOTES
[1] Plaintiffs also sued J.W. Wallace as a co-owner of Building Exteriors. However, the trial court dismissed this defendant, finding him to be an employee only. Also, parenthetically, the policy of insurance listed Building Exteriors as the named insured.
[2] Appellants argue, that because the form number of the endorsement is different from that printed on the declarations page, this attachment should be stricken. However, as the trial court correctly stated, "the evidence shows ... no difference in the language of the [two] forms except as they relate[ ] to mobile equipment which [is] irrelevant to the issues herein." Moreover, the exclusions section is contained within the numbered coverage part precisely listed on the first page of the policy. We thus find this argument, concerning form MOL203 01/86 versus MOL203 04/87, to be meritless.