738 So.2d 691 (1999)
KLL CONSULTANTS, INC. d/b/a Krebs, LaSalle, LeMieux Consultants, Inc., Guy F. LeMieux and Joseph J. Krebs, Jr.
v.
AETNA CASUALTY & SURETY COMPANY OF ILLINOIS and Eagan Insurance Agency, Inc.
No. 99-CA-14.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
*692 David C. Loeb, Daniel E. Zelenka, Jack E. Morris, Molaison, Colvin, Greenberg, Zelenka, Morris & Loeb, LLP, Gretna, Louisiana, Attorney for Appellants.
Simeon B. Reimonenq, Jr., Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, Louisiana, Attorney for Appellee Travelers Casualty & Surety Company of Illinois.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, Judge.
In an insurance coverage dispute involving the duty to defend, plaintiffs, KLL Consultants, Inc., d/b/a Krebs, LaSalle, LeMieux Consultants, Inc., Guy F. LeMieux and Joseph J. Krebs, Jr. (collectively KLL), appeal from a judgment denying a Motion for Summary Judgment filed by KLL and granting a Motion for Summary Judgment filed by defendant, Traveler's Casualty & Surety Company of Illinois (Traveler's), formerly Aetna Casualty & Surety Company of Illinois (Aetna). We affirm both judgments.
Plaintiffs herein were made defendants in a lawsuit filed in Jackson, Mississippi on May 15, 1997 by Larry Rumsey, d/b/a Rumsey Consulting Engineering, Inc. (Rumsey). Plaintiffs subsequently notified Aetna of the suit and demanded that Aetna defend and indemnify them under a policy of insurance issued to them through Eagan Insurance Agency, Inc. (Eagan) starting in 1994 and in effect at the time of the lawsuit. Aetna's successor, Traveler's, refused to provide a defense until it could research the coverage issue and instructed plaintiffs to provide their own defense. Plaintiffs retained counsel. Subsequently, plaintiffs made a formal demand for defense and indemnity which was rejected by Traveler's. As a result, plaintiffs filed suit against Traveler's and Eagan on August 3, 1997. Both defendants answered with a denial. Traveler's claimed that the policy *693 did not provide coverage for the Mississippi suit.
On May 7, 1998, plaintiffs filed a Motion for Summary Judgment on the coverage issue. On June 26, 1998, Traveler's filed a Cross-Motion for Summary Judgment. Following a hearing on the motions, the trial judge denied the motion filed by plaintiffs and granted Traveler's motion, dismissing it from the suit.[1]
On appeal, plaintiffs contend that the trial judge erred and that coverage should be provided under the policy. Plaintiffs assert that under Rovira v. LaGoDa, Inc., 551 So.2d 790, 792 (La.App. 5th Cir.1989), writ denied, 556 So.2d 36 (La.1990), the insurer has a duty to defend unless the policy unambiguously and absolutely excludes coverage.
In the Mississippi lawsuit, Rumsey contended that KLL, the West Jackson Utility District and the West Jackson Utility District Chairman, interfered with his contract to provide professional engineering services for the water and sewer system improvements in West Jackson County (County) Mississippi. The suit contends that KLL negotiated with the County for the engineering services, although it knew that a contract for those services had been awarded to Rumsey. The petition states in part:
X.
The defendant, John F. Martin, in his individual capacity and as Chairman of the Board of West Jackson County Utility District, along with defendants, KLL Consultants, Inc., d/b/a Krebs, La-Salle, LeMieux Consultants, Inc., began negotiations at a time when the defendants and each of them knew Rumsey had a contract with West Jackson County Utility District to render professional engineering services for the water and sewer system improvements/extension in West Jackson County, Mississippi. This conduct on the part of the defendants, and each of them, was an effort to supplant Rumsey from the project. Thereafter, on or about June 10, 1994, the defendants, West Jackson County Utility District and Krebs, LaSalle, LeMieux Consultants, Inc., entered into a contract for the performance of the same professional engineering services previously contracted to be performed by Rumsey Consulting Engineering, Inc.
XI.
The conduct of the defendants, and each of them, constitutes interference with the prospective business advantage of Rumsey in that the defendants acts were intentional, willful, negligent and/or grossly negligent. The actions of the defendants, and each of them, were calculated to cause damage to Rumsey in his lawful business. Moreover, the actions of the defendants, and each of them, were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendants. The conduct of the defendants, and each of them, have caused substantial damage and loss to the plaintiffs, Rumsey, in that the defendants, Krebs, LaSalle, LeMieux Consultants, Inc., have contracted with the West Jackson County Utility District have provided and are providing the exact professional services which Rumsey has a contract to provide, did receive and are receiving all of the fees to which Rumsey is entitled....
XIII.
Defendants acted wrongfully in contracting for professional engineering services in connection with the proposed sewer system improvements and extensions in West Jackson County, Mississippi, *694 in the following respects, among others:
a. Willfully, intentionally and/or negligently interfering with the business relation and contract between Larry Rumsey d/b/a Rumsey Engineering, Inc. and the West Jackson County Utility District;
b. Willfully, intentionally and/or negligently breaching the Engineering Contract between Larry Rumsey d/b/a Rumsey Engineering, Inc. and the West Jackson County Utility District;
c. Willfully, intentionally and/or negligently, without right or justifiable cause, causing damage and loss to plaintiff in his lawful business; and
d. Other causes to be shown at trial.
The insurance policy herein provides:

COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part applies. We will have the right and duty to defend and "suit" seeking those damages ...
b. This insurance applies to:
(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing broadcasting or telecasting done by or for you;
(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services ...

SECTION V DEFINITIONS
1. "Advertising injury" means injury arising out or more of the following offenses ...
a. Oral or written publication of material that slanders or libels a person or organization or disparages a person or organization's goods, products or services;
b. Oral or written publication of material that violates a person's right of privacy;
c. Misappropriation of advertising ideas or style of doing business;
d. Infringement of copyright, title or slogan.
10. "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:
a. False arrest, detention or imprisonment;
b. Malicious prosecution;
c. The wrongful eviction ...

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
e. Oral or written publication of material that violates a person's right of privacy.
[Emphasis added.]

SUMMARY JUDGMENT
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under a 1997 amendment, the summary judgment is favored, but the burden of proof remains with the movant. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.

*695 INTERPRETATION
Subject to the rules of contract interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Oceanonics, Inc. v. Petroleum Distrib. Co., 292 So.2d 190, 192 (La.1974); See: Maldonado v. Porter, 96-839 (La. App. 5th Cir. 4/9/97), 694 So.2d 1001, 1003.
In Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986), the court stated that a summary judgment which finds that an insurance policy does not provide coverage may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion. See: Maldonado v. Porter, 694 So.2d at 1002.
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); See: Maldonado v. Porter, 694 So.2d at 1002. The parties' intent is reflected by the words of the policy and determines the extent of coverage. La.C.C. art.2045; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763; See: Maldonado v. Porter, 694 So.2d at 1002. Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La.C.C.1002.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 630 So.2d at 763; See: Maldonado v. Porter, 694 So.2d at 1002. Where the language in the policy is clear, unambiguous and expressive of the intent of the parties, the agreement must be enforced as written. See: Maldonado v. Porter, 694 So.2d at 1002; Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La.1991). However, if an ambiguity remains after applying the other rules of construction, the ambiguous provision is to be construed against the drafter and in favor of the insured. See: Maldonado v. Porter, 694 So.2d at 1003.
The purpose of liability insurance is to afford the insured protection from damage claims. Id. at 1003. Policies, therefore, should be construed to effect and not to deny coverage. See: Maldonado v. Porter, 694 So.2d at 1002. Thus, if the language in an exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Id. at 1002-1003; Garcia v. St. Bernard Parish School Bd., 576 So.2d 975, 976 (La.1991).

INSURER'S OBLIGATION TO DEFEND
The insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano, 627 So.2d 148, 153 (La.1993); Continental Graphics Services, Inc. v. Hanover Louisiana, Inc., 96-78 (La.App. 5th Cir. 5/28/96), 675 So.2d 1195, 1196-1197. The insurer's duty to defend suits brought against its insureds is determined by the allegations of the injured plaintiff's petition and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. Yount v. Maisano, 627 So.2d at 153; Continental Graphics Services, Inc. v. Hanover Louisiana, Inc., 675 So.2d at 1196-1197. The allegations of the petition are to be construed liberally to determine whether they state grounds bringing the claims within the scope of the insurer's duty to defend. Yount v. Maisano, 627 So.2d at 153; Continental Graphics Services, Inc. v. Hanover Louisiana, Inc., 675 So.2d at 1196-1197. Assuming all the allegations of the petition to be true, if there would be coverage under the *696 policy and also liability to the plaintiff, the insurer must defend the insured, regardless of the outcome of the suit. Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213, 1218; Yount v. Maisano, 627 So.2d at 153; Continental Graphics Services, Inc. v. Hanover Louisiana, Inc., 675 So.2d at 1196-1197. This duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. Steptore v. Masco Const. Co., Inc., 643 So.2d at 1218; Yount v. Maisano, 627 So.2d at 153; Continental Graphics Services, Inc. v. Hanover Louisiana, Inc., 675 So.2d at 1196-1197. Furthermore, the duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. Bryant v. Motwani, 96-1351 (La.App. 4th Cir. 10/30/96), 683 So.2d 880, 884.
In Carnival Brands, Inc. v. American Guarantee and Liability Insurance Company, 98-958 (La.App. 5th Cir. 1/26/99), 726 So.2d 496, we found a duty to defend under a similar policy. However, in Carnival, we found that the insurer had a duty to defend because one of the allegations in the petition was that defendant misappropriated the Carnival trade name. This conduct was provided for in the policy under the "infringement of copyright, title or slogan" and/or the "misappropriation of advertising ideas or style of doing business" provisions. The petition in Carnival disclosed a possibility of liability under the policy, thus, we found that the insurer was obligated to provide a defense. The instant case is distinguishable.
In this case, the Rumsey petition alleges that KLL knowingly stole the contract executed with Rumsey to obtain Rumsey's business. The petition asserts that KLL interfered with Rumsey's prospective business advantage without justification, that said interference was calculated to cause Rumsey damage and it did cause damage to Rumsey. The Rumsey petition further claims that KLL's actions was intentional, willful, negligent and/or grossly negligent.
The language of the policy is clear. In order to be entitled to coverage for business offenses under Coverage B of the Commercial Liability Policy under the "Advertising injury", there must be an allegation of libel, slander, or disparagement of a person or organization or of its goods, products or services, a violation of Rumsey's right to privacy, misappropriation of advertising ideas or style of doing business or infringement of a copyright, title or slogan. Under "Personal Injury", the petition must allege false arrest, malicious prosecution, wrongful eviction, slander or libel, or a violation of Rumsey's right to privacy. This petition does not allege any of those acts and the courts cannot read any into the policy. Since there are no such allegations in the Rumsey petition, we find that this policy unambiguously excludes coverage. Thus, the trial judge did not err in denying KLL's Motion for Summary Judgment and in granting Traveler's Motion for Summary Judgment.
Accordingly, the judgment of the trial court denying the Motion for Summary Judgment filed by KLL is hereby affirmed. Further, we affirm the judgment granting the Motion for Summary Judgment filed by Traveler's. Costs of this appeal are to be paid by KLL.
AFFIRMED.
EDWARDS, J., DISSENTS WITH REASONS.
EDWARDS, J., DISSENTS WITH REASONS.
In my opinion, the petition does not unambiguously and absolutely exclude coverage and therefore, Traveler's had a duty to defend its insured. As the majority correctly states, the duty to defend is determined solely from the plaintiff's pleadings and the face of the policy. In the present case, the lawsuit was filed in Mississippi which state requires only minimal and broad "notice pleading"; therefore the *697 petition does not "unambiguously and absolutely" exclude coverage. Absent a showing that under Mississippi law, tortious interference with a contract excludes the definition of an advertising injury as defined in the contract, I believe that the language of the Traveler's policy is broad enough to encompass the allegations of appellee's petition. Consequently, as I read the petition I am not prepared to state that the policy unambiguously excludes coverage. As a result, Traveler's is not entitled to judgment as a matter of law.
Therefore, I respectfully dissent.
NOTES
[1] The trial judge further stated that the judgment was final under La.C.C.P. art. 1915 B(1) as to Traveler's and that "there is no just reason for delay", making the matter appealable.