1McMANUS, Judge.
In this matter, we affirm the trial court’s granting of a summary judgment and dismissing the claims of Appellant against a policy of insurance issued by Appellee United States Fire Insurance Company.
STATEMENT OF THE CASE
The matter involves an insurance policy and an endorsement to the policy issued by Appellee United States Fire Insurance Company (USFIC) to Appellants, The Sa-rnia Companies and Edward J. Saab, Trustee of Les Realty Trust “A” and Les Realty Trust “B”.
*708 Suit was originally filed against USFIC and Defendant Knapp, Schenck & Company, the agent for USFIC. The suit made claims under the policy and asked for penalties and fees against USFIC for failure to timely pay the claim in question.[1] The suit also charges negligence on the part of Knapp, Schenck, alleging that it was then-failure to procure a particular element of coverage that allowed USFIC to dispute Sarnia’s claims. USFIC and Knapp, Schenck answered and denied all claims, and in addition, each filed a cross-claim against the other.
USFIC ultimately filed a motion for summary judgment against Samia, and the motion was heard and granted on June 23, 2000. The judgment granting the motion dismissed Sarnia’s claims against USFIC.
Samia timely requested that the trial judge “certify” an appeal from the summary judgment,[2] and Samia now raises these assignments of error:
1. The trial court erred in failing to determine that there were material issues as to fact that would preclude the granting | ¡¡of USFIC’s motion for summary judgment;
2. The trial court erred in failing to determine that there were ambiguities with respect to the coverage and deductible applicable to the Louisiana properties under the DIC flood policy and further erred in failing to interpret such ambiguities in favor of coverage and in favor of the $25,000.00 per occurrence deductible;
3.The trial court erred in failing to determine that the retroactively issued General Endorsement increasing the deductible to $250,000.00 per location could not bind Samia to the larger deductible.
FACTS
In July of 1994, USFIC issued Commercial Property Coverage policy No. 5035165443 (“package policy”) to Samia; this policy included coverage for two pieces of real estate located in Louisiana-608 Farmington Ave. and 1801 Hector Court Ave., both in Gretna. This policy does not include any coverage for flood damage.
On August 16, 1994, USFIC issued inland marine policy No. 321 502634 1 to Samia, which included “difference in conditions” coverage for most of the property covered under the above policy. This coverage does include a flood endorsement with a deductible of $25,000.00.[3] However, this policy does not include the two above Gretna locations. The declarations sheet for the difference in conditions coverage makes reference to the “schedule of locations/values dated 5/16/94, on file with the company.” The list attached to the policy, dated 5/16/94, does not include any Louisiana locations.
Both locations suffered flood damage on May 8, 1995. Sarnia’s original petition itemized structural damage to the buildings and a supplemental petition added a claim for loss of use of the buildings pending repair. While the losses to each building exceeded the primary flood damage *709 coverage, the total loss figure for |seach building was below $250,000.00.
Shortly after the flood, Sarnia initiated a claim against the USFIC inland marine policy—proof of loss was submitted in July of 1995. After the claim was denied, and in response to Sarnia’s protests that they had intended to include the Gretna properties under the difference in conditions coverage, USFIC issued a retroactive flood endorsement to the marine policy, effective as of June 15, 1994. On this endorsement, however, each Gretna location is shown as falling under a “special ‘flood’ deductible” of $250,000.00 per building or structure, per occurrence.
ASSIGNMENTS OF ERROR 1 and 2
As Sarnia’s first two assignments of error, they argue that the trial judge should have found coverage for their flood damage claim under the difference in conditions section of the marine policy issued by USFIC to them. They argue that they intended to include the Gretna locations, under the policy. They further suggest that because the locations are listed on the “companion” package policy, the varying language creates an ambiguity in the marine policy; they argue that the ambiguity creates an issue of material fact eliminating the possibility of a summary judgment. We find no ambiguity nor any unresolved issue of material fact. The trial judge was correct to grant the motion for summary judgment.
A summary judgment is reviewed on appeal de novo. We must therefore ask the same questions as did the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822, at 5 (La.7/7/99), 739 So.2d 191, 195. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material facts and that the mover is entitled to judgment as a matter of law. Johnson v. Drury, 99-608, at 5-6 (La.App. 5 Cir. 6/2/00), 763 So.2d 103, 107-08.
Further, summary judgment declaring a lack of coverage under an insurance |4policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480, at 2 (La.4/11/94), 634 So.2d 1180, 1183, citing Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986); KLL Consultants, Inc. v. Aetna Cas. & Sur. Co. of Illinois, 99-14, at 7 (La.App. 5 Cir. 6/1/99), 738 So.2d 691, 695.
An insurance policy is an aleatory contract subject to the same basic interpretive rules as any other contract. The policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Blackburn v. National Union Fire Ins. Co. of Pittsburgh, 2000-2668, at 5-6 (La.4/3/01), 784 So.2d 637, 641. If the wording of a policy is clear and expresses the intent of the parties, the policy must be enforced as written. Marcus v. Hanover Ins. Co., Inc., 98-2040, at 4 (La.6/4/99), 740 So.2d 603, 606, citing Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988).
We see no ambiguity in the policy in question, nor even any potential for misinterpretation. We see no unresolved issues of material fact. The marine policy includes the Gretna locations, or it does not. And there is no question they are not listed in the “schedule of locations” attached to the policy. Therefore, we see no interpretation of this policy which would *710 allow coverage for the damage to Sarnia’s Gretna property.
Samia seeks to create ambiguity out of the fact that the properties are included in the package policy coverage. However, we can’t agree that this creates any lack of clarity in the marine policy. The marine policy bears a different policy number and was apparently issued on a different date. There is no reference to the package policy in the marine policy — we don’t find any reference to its terms or the locations included in the policy, or any indication that any part of the package policy was incorporated in the marine policy.
|BIf Samia intended to include the Gret-na properties on the marine policy, if there is a mistake instead of an ambiguity, it was incumbent on Samia to inspect the marine policy and have the error rectified before any loss was incurred. See Scott v. Bank of Coushatta, 512 So.2d 356, 361 (La.1987) (error due to inexcusable neglect not sufficient to invalidate consent); Massachusetts Indem. and Life Ins. Co. v. Humphreys, 93 2025, at 4 (La.App. 1 Cir. 10/7/94), 644 So.2d 818, 820 (insurer’s error in issuing coverage).
The trial judge was correct to grant USFIC’s motion for summary judgment on the issue of coverage under the marine policy’s original difference in conditions terms.
ASSIGNMENT OF ERROR 3
As Sarnia’s final assignment of error, they argue that the trial judge was in error in upholding the retroactive flood loss endorsement with an applicable $250,000.00 deductible. We see no error.
As with the original marine policy, we see no ambiguity or confusion. Further, we cannot accept Sarnia’s argument that the original $25,000.00 deductible should be applicable to the later added Gretna property. The “special ‘flood’ deductible” is clearly stated and immediately identified in the endorsement. The endorsement specifically lists the Gretna locations — for the first time — and immediately beneath this caption — “special ‘flood’ deductible”. The Gretna properties are the only ones shown falling into this category. The endorsement otherwise retains the original $25,000.00 deductible.
If Samia is willing to accept the belated offer of coverage, we can see no reason why they should not also be bound by the special flood deductible. We can’t see any obligation on USFIC’s part, after they have issued this post loss coverage, to also offer a deductible that would guarantee recovery for the losses.
We reiterate' — had Samia been diligent in inspecting the original marine policy, any potentially insufficient coverage could have been discovered and | ficorrected.
The trial judge was correct to impose the retroactive endorsement deductible against Sarnia’s flood loss damage.
Therefore, for the above reasons, the judgment of the trial court is affirmed.
AFFIRMED

. LSA-R.S. 22:658.

. LSA-C.C.P. art.1915 provides that partial rulings may be designated ''final” for purposes of appeal.

.A difference in conditions policy, or coverage, is by nature excess coverage. See Zinsel Co., Inc. v. I. Everett Eaves, Inc., 99-691, at 3-5 (La.App. 5 Cir. 11/30/99), 749 So.2d 798, 799-800. Sarnia's primary flood coverage on the Louisiana property was with carriers other than USFIC.